THE CITY OF CLEVELAND, APPELLEE, *v.* THE STATE OF OHIO, APPELLANT.

[Cite as *Cleveland v. State,* 138 Ohio St.3d 232, 2014-Ohio-86.]

*The General Assembly may not by statute prohibit the municipal home-rule authority granted by Article XVIII, Section 3 of the Ohio Constitution— R.C. 4921.25 is a general law that will prevail over conflicting municipal ordinances, but the second sentence of the statute purporting to limit municipal home-rule authority violates Article XVIII, Section 3 of the Ohio Constitution—The second sentence of R.C. 4921.25 is severed from the statute.*

(No. 2012-1616—Submitted August 21, 2013—Decided January 21, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 97679, 2012-Ohio-3572.

_____

SYLLABUS OF THE COURT

1. The General Assembly may not by statute prohibit the municipal home-rule authority granted by Article XVIII, Section 3 of the Ohio Constitution.

2. R.C. 4921.25 is a general law that will prevail over conflicting municipal ordinances, but the second sentence of the statute purporting to limit municipal home-rule authority violates Article XVIII, Section 3 of the Ohio Constitution.

3. The second sentence of R.C. 4921.25, which reads, "Such an entity is not subject to any ordinance, rule, or resolution of a municipal corporation, county, or township that provides for the licensing, registering, or regulation of entities that tow motor vehicles," is severed from the statute.

_____

**LANZINGER, J.**

{¶ 1}   This case arises from a complaint for declaratory judgment brought by appellee, the city of Cleveland, challenging the constitutionality of R.C. 4921.25,[1] a law that grants the Public Utilities Commission of Ohio ("PUCO") authority to regulate towing companies as "for-hire motor carriers."   Because we agree with the city that the second sentence of R.C. 4921.25 violates the Ohio Constitution's Home Rule Amendment, Article XVIII, Section 3, by prohibiting the "licensing, registering, or regulation" of entities that tow motor vehicles, we sever that portion of the statute.   We further hold that the first sentence of R.C. 4921.25 is a general law.   Therefore, we affirm in part and reverse in part the judgment of the Eighth District Court of Appeals, which held that the entire statute was unconstitutional.

## I.  Case Background

{¶ 2}   Towing companies were not regulated by the PUCO as motor carriers under R.C. Chapter 4921 until 2003, when the General Assembly enacted Am.Sub.H.B. No. 87, 150 Ohio Laws, Part I, 59, 157-158 (enacting R.C. 4921.30 [now R.C. 4921.25], which provides that entities engaged in towing motor vehicles are subject to regulation by the PUCO as for-hire motor carriers).   In 2009, the city of Cleveland filed a declaratory-judgment action seeking a declaration that R.C. 4921.25 violates the Home Rule Amendment of the Ohio Constitution, which authorizes municipalities to adopt and enforce ordinances that do not conflict with general state laws.   The trial court granted summary judgment to the state on the grounds that the statute was a general law that does not unconstitutionally infringe on the city's home-rule authority.   The Eighth District Court of Appeals, however, reversed the trial court's judgment in a two-to-one

---

1. The statute was numbered R.C. 4921.30 when the city's declaratory-judgment action was filed, but as of June 11, 2012, the provision was renumbered by 2012 Am.Sub.H.B. No. 487.  We will refer to the current number of the statute throughout this opinion.

decision, concluding that R.C. 4921.25 failed the general-law test outlined in *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963. Specifically, the Eighth District determined that the statute is "not part of a statewide and comprehensive legislative enactment," "does not have uniform operation throughout the state," fails to set forth police regulations for the operation of tow-truck entities and instead simply curtails the city's police powers in this area, and does not prescribe a rule of conduct upon citizens generally. 2012-Ohio-3572, 974 N.E.2d 123, ¶ 34-41 (8th Dist.). The court of appeals accordingly held that because R.C. 4921.25 is not a general law, it unconstitutionally attempts to limit municipal home-rule authority.

{¶ 3} We accepted the state's discretionary appeal on the following proposition of law: "Because R.C. 4921.25 is part of a comprehensive, statewide legislative framework that regulates tow truck operations, it is a general law that displaces municipal tow truck ordinances."

## II. Legal Analysis

{¶ 4} The state argues that the court of appeals erred as a matter of law in concluding that R.C. 4921.25 is not a general law and that it unconstitutionally attempts to limit municipal home-rule authority. It asserts that the statute is a general law as defined by this court's decisions and that the statute displaces local towing ordinances. On the other hand, the city argues that the preemption language within R.C. 4921.25 does not qualify as a general law, is outside the recognized regulatory scheme for Ohio for-hire motor carriers established in R.C. Chapter 4921, and unconstitutionally attempts to limit the city's municipal home-rule authority. Neither party is entirely accurate, for contrary to the city's view, the entire statute must be examined to determine if the statute is a general law, and contrary to the state's suggestion, a general law may not preempt *all* local ordinances.

**{¶ 5}** R.C. 4921.25 provides:

> Any person, firm, copartnership, voluntary association, joint-stock association, company, or corporation, wherever organized or incorporated, that is engaged in the towing of motor vehicles is subject to regulation by the public utilities commission as a for-hire motor carrier under this chapter. Such an entity is not subject to any ordinance, rule, or resolution of a municipal corporation, county, or township that provides for the licensing, registering, or regulation of entities that tow motor vehicles.

**{¶ 6}** While the city does not challenge the state's ability to regulate towing entities as it does other motor carriers, the city does attack the constitutionality of the statute's second sentence that purports to totally preempt local authority to regulate towing entities, even through ordinances that do not conflict. We must examine this legal question using home-rule precedent.

*A. R.C. 4921.25 as a General Law*

**{¶ 7}** Article XVIII, Section 3 of the Ohio Constitution states, "Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

**{¶ 8}** A state statute takes precedence over a local ordinance when "(1) the ordinance is an exercise of the police power, rather than of local self-government, (2) the statute is a general law, and (3) the ordinance is in conflict with the statute." *Mendenhall v. Akron*, 117 Ohio St.3d 33, 2008-Ohio-270, 881 N.E.2d 255, ¶ 17. No one disputes that any city ordinance regulating towing entities would be a matter of police power or safety rather than an exercise of self-

government. Thus, any city ordinance of this type must yield if it conflicts with a general state law.

{¶ 9} We set forth a four-part test for evaluating whether a statute is a general law in *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963: "To constitute a general law for purposes of home-rule analysis, a statute must (1) be part of a statewide and comprehensive legislative enactment, (2) apply to all parts of the state alike and operate uniformly throughout the state, (3) set forth police, sanitary, or similar regulations, rather than purport only to grant or limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and (4) prescribe a rule of conduct upon citizens generally." *Id*. at syllabus. We agree with the reasoning of the appellate panel's dissenting judge in this case to hold that R.C. 4921.25 meets all four parts of the general-law test.

1. Statewide and Comprehensive Legislative Enactment

{¶ 10} The court of appeals concluded that there is no comprehensive statutory scheme that covered tow-truck companies and that it could not infer an intent to preempt local legislation based upon broad regulatory enactment in this field. With respect to the court's conclusion that the statute violates part one of the test because the General Assembly did not enact a separate statutory scheme for towing entities but merely redefined "for-hire motor carriers" to include towing companies, we do not agree that the General Assembly was required to do more. R.C. 4921.25 is part of the statewide and comprehensive statutory scheme for regulating for-hire motor carriers.

{¶ 11} R.C. 4921.25 specifically classifies towing entities as for-hire motor carriers subject to PUCO regulation. The PUCO is accordingly tasked with a number of duties relating to these entities: supervising and regulating them, regulating their safe operation, adopting reasonable rules for highway transportation of property in interstate and intrastate commerce, and requiring the

filing of reports and other data. R.C. 4905.81. Clearly, by subjecting towing enterprises to the PUCO's regulations, the General Assembly has made R.C. 4921.25 a part of statewide and comprehensive legislative enactment. The statute satisfies the first prong of the *Canton* test.

### 2. Uniform Operation Throughout the State

{¶ 12} The second prong of the *Canton* test asks whether the statute applies and operates uniformly throughout the state. There can be no question that R.C. 4921.25 applies and operates uniformly throughout Ohio, and the determination by the court of appeals that an exception exists for "private motor carriers" is inapposite. R.C. 4921.25 applies to "[a]ny person, firm, copartnership, voluntary association, joint-stock association, company, or corporation, wherever organized or incorporated, that is engaged in the towing of motor vehicles." Thus the statute's scope is statewide, and there are no limitations upon the statute's operation. The statute applies uniformly to all towing entities and thus satisfies the second prong of the *Canton* test.

### 3. Establishment of Police Regulations

{¶ 13} In holding that R.C. 4921.25 fails to satisfy the third prong of the *Canton* test, the court of appeals concluded that by enacting this statute, the legislature did not establish police regulations but instead merely limited municipal legislative power. Just as with the first prong, however, an in pari materia reading of the statute indicates otherwise. By placing towing companies under the regulation of the PUCO—including but not limited to the PUCO's traffic regulations governing for-hire motor carriers—R.C. 4921.25 is an exercise of the state's police power. The statute as a whole does not merely limit the legislative power of a municipal corporation to set forth police, sanitary, or similar regulations, and so satisfies the third prong of the *Canton* test.

4. Establishment of Rule of Conduct upon Citizens Generally

{¶ 14} The court of appeals relies upon its determination that the statute is not part of a system of uniform statewide regulation in finding that R.C. 4921.25 fails to meet the fourth prong of the *Canton* test. As discussed above, the statute applies to all entities engaged in towing operations throughout the state, without exception. We accordingly hold that R.C. 4921.25 meets the fourth *Canton* prong and is a general law for the purposes of home-rule analysis.

*B. Municipal-Home-Rule Violation*

{¶ 15} While we hold that R.C. 4921.25 itself qualifies as a general law under the *Canton* test, we conclude that a portion of the statute does fail as an unconstitutional limit upon municipal home-rule authority.

1. Unconstitutional Limitation of Home-Rule Authority

{¶ 16} The second sentence of R.C. 4921.25 provides that "[towing entities are] not subject to any ordinance, rule, or resolution of a municipal corporation, county, or township that provides for the licensing, registering, or regulation of entities that tow motor vehicles." This sentence violates the third prong of the *Canton* test by purporting to limit legislative power of a municipal corporation to set forth police, sanitary, or similar regulations. Unlike the first sentence of R.C. 4921.25, which subjects towing entities to PUCO regulation, the second sentence fails to set forth any police, sanitary, or similar regulations. Furthermore, the broad language of the second sentence of R.C. 4921.25 directly contradicts the language of Article XVIII, Section 3 of the Ohio Constitution, which provides that "[m]unicipalities shall have authority * * * to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws." Although R.C. 4921.25 places towing entities under the PUCO's regulation as "for-hire motor carriers," there may be areas in which the PUCO has not regulated, allowing municipalities to adopt and enforce regulations in those areas. We will not speculate by

identifying these areas, although the city asserts that Cleveland Codified Ordinance 677A.11 is an example of an ordinance that may survive. It is enough to say that municipalities may supplement state law in these unregulated areas, provided that the city ordinances do not conflict with general laws.

{¶ 17} The second sentence of R.C. 4921.25 contradicts Article XVIII, Section 3 of the Ohio Constitution. We accordingly hold that the second sentence of R.C. 4921.25 unconstitutionally limits municipal home-rule authority.

2. The Remedy of Severance

{¶ 18} When this court holds that a statute is unconstitutional, severing the provision that causes it to be unconstitutional may be appropriate. R.C. 1.50; *see, e.g.*, *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470, ¶ 94-99 (severing portions of felony sentencing laws after determining that they violated federal law); *Simmons-Harris v. Goff*, 86 Ohio St.3d 1, 17, 711 N.E.2d 203 (1999) (severing the portion of a bill that violated the one-subject rule); *State ex rel. Maurer v. Sheward*, 71 Ohio St.3d 513, 523-524, 644 N.E.2d 369 (1994) (severing the portion of a statute that violated Article III, Section 11 of the Ohio Constitution, which at the time of the decision authorized the General Assembly to regulate the application process for pardons but not commutations or reprieves); *State ex rel. Ohio AFL-CIO v. Voinovich*, 69 Ohio St.3d 225, 230, 631 N.E.2d 582 (1994) (severing the portion of a bill that violated the one-subject rule); *State ex rel. Hinkle v. Franklin Cty. Bd. of Elections*, 62 Ohio St.3d 145, 149, 580 N.E.2d 767 (1991) (same). Severance is suitable, however, only when it satisfies our well-established standard.

{¶ 19} The severance test was first pronounced by this court in *Geiger v. Geiger*, 117 Ohio St. 451, 466, 160 N.E. 28 (1927). Three questions are to be answered in determining whether severance is appropriate:

"(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?"

*Id*. at 466-467, quoting *State v. Bickford*, 28 N.D. 36, 147 N.W. 407 (1913), paragraph nineteen of the syllabus.

{¶ 20} Applying the severance test to R.C. 4921.25, we hold that severing the second sentence of the statute is appropriate. As to the first question of the test, each sentence in R.C. 4921.25 can stand by itself. The first sentence defines towing entities as for-hire motor carriers and places them under the regulation of PUCO. The second sentence places towing entities outside the realm of local regulation. Neither of these sentences depends on the other for any of its meaning.

{¶ 21} Regarding the second question of the test, the second sentence of R.C. 4921.25 is not so connected with the general scope of the statute as to make it impossible to give effect to the General Assembly's intention if the second sentence is stricken. If the second sentence is severed, the first sentence of the statute remains fully effective. Towing entities are placed under the PUCO's jurisdiction as for-hire motor carriers, and state regulations prevail over any conflicting municipal regulations.

{¶ 22} The statute also satisfies the third test question. The insertion of words or terms is not necessary in order to separate the constitutional part of R.C. 4921.25 from the unconstitutional part and to give effect to the first sentence only.

We accordingly conclude that severance is a suitable remedy. The second sentence of R.C. 4921.25, which reads, "Such an entity is not subject to any ordinance, rule, or resolution of a municipal corporation, county, or township that provides for the licensing, registering, or regulation of entities that tow motor vehicles," is severed from the statute.

*C. Effect of City Ordinances*

{¶ 23} Finally, the city has provided an example of how it may regulate towing companies in a way that does not conflict with existing PUCO regulations. Cleveland Codified Ordinance 677A.11 addresses public safety and has no comparable PUCO rule or regulation. It states:

> No person licensed under Section 677A.02, or any of his or her agents or employees, shall respond to the scene of an accident unless either summoned by a person having a direct interest in the vehicle or vehicles involved or dispatched thereto as provided in the rules and regulations promulgated by the Director of Public Safety pursuant to Chapter 135.

We of course do not decide today whether this ordinance conflicts with any general laws, as that issue is not before us. But at the very least, the Ohio Constitution grants municipalities the authority "to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with* general laws." (Emphasis added.) Article XVIII, Section 3, Ohio Constitution. The question of which city ordinances survive as nonconflicting remains for another day.

### III. Conclusion

{¶ 24} The General Assembly may not by statute prohibit the municipal home-rule authority granted by Article XVIII, Section 3 of the Ohio Constitution.

R.C. 4921.25 is a general law that will prevail over conflicting municipal ordinances, but the second sentence of the statute purporting to limit municipal home-rule authority violates Article XVIII, Section 3 of the Ohio Constitution and so will be severed. The judgment of the Eighth District Court of Appeals is affirmed in part and reversed in part.

Judgment affirmed in part

and reversed in part.

O'CONNOR, C.J., and PFEIFER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

O'DONNELL, J., concurs in the judgment and in paragraph two of the syllabus.

_____

Barbara A. Langhenry, Cleveland Director of Law, and Gary S. Singletary, Assistant Director of Law, for appellee.

Michael DeWine, Attorney General, Michael J. Hendershot, Chief Deputy Solicitor, Megan Dillhoff, Deputy Solicitor, and Pearl M. Chin, Associate Assistant Attorney General, for appellant.

The Ferris Law Group, L.L.C., and David A. Ferris, urging reversal for amicus curiae Towing & Recovery Association of Ohio, Inc.

John P. Curp, Cincinnati City Solicitor, and Katherine A. Miefert, Assistant City Solicitor, urging affirmance for amicus curiae city of Cincinnati.

_____