[Cite as *Akron v. State*, 2015-Ohio-5243.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

CITY OF AKRON, et al.

    Appellees

    v.

STATE OF OHIO, et al.

    Appellants

C.A. No.      27769

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.     CV 2015-02-0955

DECISION AND JOURNAL ENTRY

Dated: December 16, 2015

---

SCHAFER, Judge.

{¶1} Defendants-Appellants, the State of Ohio and the Attorney General of Ohio (collectively, "the State"), appeal the judgment of the Summit County Court of Common Pleas declaring R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 unconstitutional as violative of the Ohio Constitution's Home Rule Amendment. We reverse the trial court's judgment and remand this matter for further proceedings.

I.

{¶2} This matter commenced when Plaintiffs-Appellees, the City of Akron and American Traffic Solutions, Inc. ("ATS"), filed a complaint challenging the constitutionality of Amended Substitute Senate Bill 342 ("the Act"), which became effective in March 2015 after its enactment by the General Assembly and Governor.[1] The Act creates a number of new statutory

---

[1] The City and ATS originally named the Governor as a defendant, but they subsequently dismissed him from the action.

provisions regarding local authorities' use of traffic law photo-monitoring devices to issue tickets for traffic violations. These new provisions have been codified in R.C. Chapter 4511. and a number of them affect Akron's use of traffic law photo-monitoring devices, which was authorized by the City's adoption of Akron Codified Ordinance ("A.C.O.") 79.01 in 2005. After adopting A.C.O. 79.01, the City entered into a contract with Nestor Traffic Systems, Inc. whereby Nestor installed and operated the traffic law photo-monitoring devices. ATS subsequently bought Nestor and has assumed all of Nestor's rights and obligations under the contract. ATS receives a fee for each ticket that is issued for a violation captured by the City's traffic law photo-monitoring devices.

{¶3} The City's and ATS's original complaint asserted three alternative requests for declaratory judgment. The first request was for a declaration that the Act, in its entirety, is unconstitutional since it violates the Home Rule Amendment of the Ohio Constitution. The second request was for a declaration that "certain" provisions of the Act are unconstitutional since they violate the Home Rule Amendment of the Ohio Constitution and are severable from the remaining provisions of the Act. And, the third request was for a declaration that the Act, in its entirety, is unconstitutional since it violates the contract clauses found in both the United States Constitution and the Ohio Constitution.

{¶4} Before the State filed a responsive pleading, the City and ATS moved for summary judgment on their two Home Rule-based claims. Neither their motion for summary judgment nor their memorandum in support indicated which provisions of the Act they viewed as severable. Rather, the filings focused on the constitutionality of the Act in its entirety. The State responded with their own motion for summary judgment and a brief in opposition to the City's and ATS's motion.

{¶5} The City and ATS subsequently filed an amended complaint that included the same Home Rule claims as those asserted in the original complaint. However, the amended complaint did not include the claim based on the contract clauses of the United States Constitution and Ohio Constitution. Like the original complaint, the amended complaint's claims were asserted in the alternative. The State filed an answer to the amended complaint on April 7, 2015.

{¶6} On April 10, 2015, the trial court granted the City's and ATS's motion for summary judgment "as to R.C. 4511.093(B)(1) and (3), R.C. 4511.095, and R.C. 4511.0912[.]" Accordingly, it declared that these provisions were unconstitutional. The trial court also denied the State's motion for summary judgment. The trial court's judgment entry further stated that the judgment was "a final appealable order and there [was] no just reason for delay."

{¶7} The State filed this timely appeal, presenting two assignments of error for our review. To facilitate our analysis, we elect to address the State's assignments of error together.

II.

### Assignment of Error I

**The trial court erred in holding that portions of Amended Senate Bill 342 ("Am.Sub.S.B. No. 342") purport only to limit municipal powers and are not general police, sanitary or similar regulations, and thus finding those portions are not general laws as set forth in *Canton v. State*, 95 Ohio St.3d 149, 2002-Ohio-2005, 766 N.E.2d 963.**

### Assignment of Error II

**The trial court erred in holding that portions of Am.Sub.S.B. No. 342 do not prescribe a rule of conduct on citizens generally, and thus finding those portions are not general laws as set forth in *Canton*.**

{¶8} In its assignments of error, the State argues that the trial court erred in determining that R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 violate the Home Rule

Amendment and are unconstitutional. As a result, the State contends that the trial court erred in granting the City's and ATS's motion for summary judgment and in denying the State's cross-motion. We do not reach the merits of this contention since we determine that the trial court erred in ruling on the parties' cross-motions for summary judgment without first applying the presumption of constitutionality that is afforded to all legislative enactments and without first engaging in a severance analysis.

## A. Summary Judgment Standard

{¶9} We review a trial court's ruling on a motion for summary judgment de novo. *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105 (1996). Summary judgment is only appropriate where (1) no genuine issue of material fact exists; (2) the movant is entitled to judgment as a matter of law; and (3) the evidence can only produce a finding that is contrary to the non-moving party. Civ.R. 56(C). Before making such a contrary finding, however, a court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

{¶10} Summary judgment consists of a burden-shifting framework. To prevail on a motion for summary judgment, the moving party must first be able to point to evidentiary materials that demonstrate there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). Once a moving party satisfies its burden for summary judgment with sufficient evidence, the non-moving party may not rest on the mere allegations or denials of the pleadings, but must carry the reciprocal burden of setting forth sufficient facts demonstrating a genuine triable issue

exists for trial. Civ.R. 56(E); *State ex rel. Zimmerman v. Tompkins*, 75 Ohio St.3d 447, 449 (1996).

## B. The Trial Court Did Not Apply the Presumption of Constitutionality

{¶11} All acts of the General Assembly are entitled to a "strong presumption of constitutionality." *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, ¶ 7. To overcome the presumption of constitutionality, the party challenging the statute must prove "beyond a reasonable doubt that the statute is unconstitutional." *Wilson v. Kasich*, 134 Ohio St.3d 221, 2012-Ohio-5367, ¶ 18. "The necessity for a court adhering to this time-honored presumption is that it prohibits one branch of state government from encroaching on the duties and prerogatives of another." *State v. Renalist, Inc.*, 56 Ohio St.2d 276, 278 (1978). Accordingly, it is reversible error for a trial court to fail to apply the presumption of constitutionality before declaring that a legislative enactment is unconstitutional. *See State v. Barnes*, 9th Dist. Lorain Nos. 13CA010502, 13CA010503, 2014-Ohio-2721, ¶ 10 (reversing trial court's judgment that R.C. 2950.99(A)(2)(b) was unconstitutional since "the [trial] court appeared to focus solely on legislative intent and disregarded the presumption of constitutionality"); *N. Olmsted v. N. Olmsted Land Holdings, Ltd.*, 137 Ohio App.3d 1, 7 (8th Dist.2000) (reversing trial court's judgment declaring municipal ordinance unconstitutional since the trial court failed to apply the presumption of constitutionality); *F.M.D. Ltd. Partnership v. Medina*, 9th Dist. Medina No. 2755-M, 1999 WL 66201, * 2 (Feb. 9, 1999) (reversing trial court's judgment declaring municipal ordinance unconstitutional since "it [was] unclear from the record whether the trial court properly adhered to [the presumption of constitutionality] and made a finding beyond a reasonable doubt that the ordinance was unconstitutional").

{¶12}  Here, the trial court's judgment entry ruling on the parties' cross-motions for summary judgment never referred to the presumption of constitutionality.  The judgment entry also fails to make a finding that R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 are unconstitutional beyond a reasonable doubt.  Consequently, we conclude that the trial court failed to apply the necessary first principle that is implicated in all challenges to legislative enactments' constitutionality – the presumption that the challenged enactment is constitutional. *See Morris v. Savoy*, 61 Ohio St.3d 684, 695 (1991) (Holmes J., dissenting in part and concurring in part) ("The first general principle which this court must adhere to in this, or in any other, legal review of the constitutionality of a legislative enactment is the firmly established rule that legislative acts enjoy a strong presumption of constitutionality and that any doubts must be resolved in favor of the statute.").  This constituted reversible error and we remand this matter for the trial court to apply the presumption of constitutionality in the first instance.

### C.  The Trial Court Failed to Engage in a Severance Analysis

{¶13}  The trial court's failure to apply the presumption of constitutionality does not end our analysis.  We must also assess whether the trial court properly determined that R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 are severable from the remaining provisions of the Act.  It is well-settled that under certain circumstances, a court may sever the unconstitutional portions of a legislative enactment and allow the other provisions of the enactment to remain standing. *See State ex rel. Ohio AFL-CIO v. Voinovich*, 69 Ohio St.3d 225, 230 (1994) (determining that certain provisions of Am.Sub.H.B. No. 107 violated the Ohio Constitution's one-subject rule and severing those unconstitutional provisions from the bill while allowing the other provisions to remain); *see also* R.C. 1.50 ("If any provision of a section of the Revised Code * * * is held invalid, the invalidity does not affect other provisions * * * which can

be given effect without the invalid provision * * *, and to this end the provisions are severable."). "Severance is suitable, however, only if it satisfies our well-established standard." *Cleveland v. State*, 138 Ohio St.3d 232, 2014-Ohio-86, ¶ 18. The Supreme Court of Ohio has adopted a severance test that requires courts to answer three questions:

> "'(1) Are the constitutional and unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?'"

*Id*. at ¶ 19, quoting *Geiger v. Geiger*, 117 Ohio St. 451, 466 (1927), quoting *State v. Bickford*, 28 N.D. 36 (1913), paragraph nineteen of the syllabus. "Severance is only appropriate when the answer to the first question is yes and the answers to the second and third questions are no." *Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, at ¶ 15.

{¶14} Here, the City's and ATS's complaint does not explicitly state what provisions of the Act they consider to be severable; it simply states that "certain" provisions may be severable. The City's and ATS's motion for summary judgment also fails to identify which specific provisions of the Act are unconstitutional and severable. Moreover, the trial court's judgment entry contains no reference to the severance test promulgated by the Ohio Supreme Court. Indeed, there is no indication in the record how or why the trial court even identified R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 as provisions in the Act that were severable. This failure to apply the mandated severance test was erroneous and we remand this matter for the trial court to engage in the necessary analysis in the first instance. *See State v. Hochhausler*, 76 Ohio St.3d 455, 464 (1996) ("Prior to severing a portion of a statute, [a court] must first

determine that the severa[nce] will not fundamentally disrupt the statutory scheme of which the unconstitutional provision is a part.").

{¶15} In sum, the trial court erred in granting the City's and ATS's motion for summary judgment and in denying the State's motion for summary judgment without first applying the presumption of constitutionality and engaging in the necessary severance test. As a result, we reverse the trial court's judgment and remand this matter for it to apply the presumption of constitutionality and the necessary severance test in the first instance and conduct any other proceedings that are consistent with this opinion. We decline to address the merits of the State's assignments of error and we do not express any opinion as to whether the Act, in whole or in part, is constitutional, or as to whether R.C. 4511.0912, 4511.093(B)(1), (3), and 4511.095 are severable from the remaining provisions of the Act.

III.

{¶16} In light of the foregoing, we reverse the judgment of the Summit County Court of Common Pleas and remand this matter for further proceedings consistent with this opinion.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the

period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JULIE A. SCHAFER
FOR THE COURT

CARR, P. J.
WHITMORE, J.
CONCUR.


APPEARANCES:

MICHAEL DEWINE, Attorney General, and NICOLE M. KOPPITCH and HALLI BROWNFIELD WATSON, Assistant Attorneys General, for Appellants.

PATRICIA AMBROSE RUBRIGHT, Director of Law, and JOHN CHRISTOPHER REECE and MICHAEL J. DEFIBAUGH, Assstant Directors of Law, for Appellee.