[Cite as *State v. Armstead-Williams*, 2017-Ohio-1004.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# PORTAGE COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-P-0007** |
| ORLANDO LEE ARMSTEAD-WILLIAMS, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Portage County Court of Common Pleas, Case No. 2015 CR 0374.

Judgment: Reversed and remanded.

*Victor Vigluicci,* Portage County Prosecutor, and *Kristina Reilly,* Assistant Prosecutor, 241 South Chestnut Street, Ravenna, OH 44266 (For Plaintiff-Appellee).

*Timothy Young,* Ohio Public Defender, and *Charlyn Bohland,* Assistant State Public Defender, 250 East Broad Street, Suite 1400, Columbus, OH 43215 (For Defendant-Appellant).

CYNTHIA WESTCOTT RICE, P.J.

{¶1} Appellant, Orlando Lee Armstead-Williams, appeals his conviction, following his guilty plea, of aggravated robbery, aggravated burglary, and two counts of kidnapping. At issue is whether Ohio's mandatory-bindover statutes are unconstitutional. For the reasons that follow, we reverse and remand.

{¶2} On March 8, 2015, Tyler Shepherd was in his apartment with some friends when two black males forced their way in. Appellant, while holding a gun on Tyler,

ordered him to give them all the marijuana and money he had. Tyler hesitated and, as a result, appellant struck him in the head with his gun. Appellant aimed his gun at everyone in the apartment, and told them to get on the floor. He said if anyone looked at them, he would shoot them. After the victims laid on the floor, appellant told everyone to put their hands behind their backs. The intruders tied the victims' hands and then tied the victims together. While the victims were on the floor, appellant "pistol-whipped" them. The intruders searched their pockets and wallets demanding money. They searched the apartment for drugs and money, stealing two cell phones and about $2,500 in cash.

{¶3} On March 17, 2015, appellant, who was one week shy of his 18th birthday, was charged in a complaint filed in the Portage County Juvenile Court with kidnapping and aggravated robbery, each with a firearm specification, if committed by an adult. He entered a denial to the complaint. On the state's motion, a Juvenile Rule 30 hearing took place at which appellant waived the probable cause hearing and stipulated to a finding of probable cause and to the bindover.

{¶4} On May 29, 2015, the grand jury returned a 15-count indictment against appellant, charging him with aggravated robbery, aggravated burglary, two counts of felonious assault, nine counts of kidnapping, tampering with evidence, and possession of criminal tools.

{¶5} On August 13, 2015, appellant and the state entered a plea bargain, pursuant to which appellant pled guilty to aggravated robbery, a felony of the first degree, with a firearm specification (Count 1); aggravated burglary, a felony of the first degree, with a firearm specification (Count 2); and two counts of kidnapping, each being

a felony of the first degree, and each carrying a firearm specification (Counts 5 and 6). The court found that appellant was advised of his rights; that he understood and waived those rights; and that he entered his guilty plea voluntarily. The court accepted appellant's guilty plea and found him guilty of each of the offenses with the accompanying specification to which he pled guilty. On the state's motion, the court dismissed the remaining 11 counts of the indictment. Appellant was referred for a pre-sentence investigation. The state and defense filed sentencing memoranda on the issue of merger.

{¶6} On October 9, 2015, the court held a sentencing hearing. On Count 1, aggravated robbery, the court sentenced appellant to three years in prison and three years on the firearm specification, each term to be served consecutively to the other. On Count 2, aggravated burglary, the court sentenced appellant to three years, which was to be served concurrently with the sentence for aggravated robbery, but the firearm specification was ordered to be served consecutively. On Count 5, the kidnapping of Tyler Shepherd, the court sentenced appellant to three years, to be served concurrently with the sentence for aggravated robbery and aggraved burglary, but the firearm specification was ordered to be served consecutively. On Count 6, the kidnapping of another victim, Kurt Pietrick, the court sentenced appellant to three years, to be served concurrently with the sentences imposed for aggravated robbery, aggravated burglary, and the kidnapping of Tyler Shepherd, but the firearm specification was ordered to be served consecutively, for a total of 15 years in prison.

{¶7} Appellant appeals, asserting five assignments of error, as follows:

**{¶8}** "[1.] The trial court erred when it failed to merge for sentencing offenses that had a similar import, arose from the same conduct, and were not committed separately or with a separate animus, in violation of Orlando Armstead-Williams's rights under the Double Jeopardy Clause of the Fifth Amendment to the U.S. Constitution; Article I, Section 10, Ohio Constitution; and R.C. 2941.25.

**{¶9}** "[2.] The trial court was without authority to sentence Orlando Armstead-Williams to prison for two counts of kidnapping, because the court was required to impose a sentence in accordance with R.C. 2152.121 and remand the matter to the juvenile court after imposing a stayed sentence.

**{¶10}** "[3.] The juvenile court erred when it transferred Orlando Armstead-Williams's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to due process as guaranteed by the Fourteenth Amendment to the U.S. Constitution; and, Article I, Section 16, Ohio Constitution.

**{¶11}** "[4.] The juvenile court erred when it transferred Orlando Armstead-Williams's case to criminal court because the mandatory transfer provisions in R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b) violate a child's right to equal protection as guaranteed by the Fourteenth Amendment to the U.S. Constitution; and, Article I, Section 2, Ohio Constitution.

**{¶12}** "[5.] Orlando Armstead-Williams was denied the effective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution; Ohio Constitution, Article I, Section 10."

4

{¶13} Because appellant's third and fourth assignments of error are related and dispositive of this appeal, we first address them together.  Under these assigned errors, appellant argues that Ohio's mandatory-bindover statutes violate due process and equal protection.  These same arguments were recently addressed by the Supreme Court of Ohio in *State v. Aalim*, __ Ohio St.3d __, 2016-Ohio-8278.

{¶14} In *Aalim*, the juvenile was charged with conduct that would have constituted aggravated robbery and a firearm specification if committed by an adult.  Following his mandatory transfer to the general division, the juvenile was indicted, pled no contest, and was found guilty of aggravated robbery and sentenced as an adult.  The juvenile appealed, arguing the mandatory-transfer statutes are unconstitutional.  The Second District rejected this argument and affirmed the juvenile's conviction.

{¶15} On further appeal, the Ohio Supreme Court reversed, holding:  "The mandatory transfer of juveniles to the general division of common pleas court violates juveniles' right to due process as guaranteed by Article I, Section 16 of the Ohio Constitution."  *Id*. at paragraph one of the syllabus.  However, the Court also held:  "The discretionary transfer of juveniles 14 years or older to the general division of common pleas court pursuant to the  process set forth in R.C. 2152.10(B) and 2152.12(B) through (E) satisfies due process as guaranteed by Article I, Section 16 of the Ohio Constitution."  *Aalim*, at paragraph two of the syllabus.

{¶16} In severing the mandatory-transfer statutes, the Ohio Supreme Court stated:

> {¶17} "When this court holds that a statute is unconstitutional, severing the portion that causes it to be unconstitutional may be appropriate." *Cleveland v. State*, 138 Ohio St.3d 232, 2014-Ohio-86, ¶18, citing R.C. 1.50. * * * Clearly, the mandatory-transfer

provisions and discretionary-transfer provisions are capable of separation, can be read independently, and can stand independently. Furthermore, it is possible to carry out transfers of juveniles to adult court once the unconstitutional provisions are stricken. And no words or terms need to be inserted in the discretionary-transfer provisions in order to give effect to them. Therefore, having held that the mandatory-transfer provisions of R.C. 2152.10(A) and 2152.12(A) are unconstitutional, we sever those provisions. After the severance, transfers of juveniles previously subject to mandatory transfer may occur pursuant to R.C. 2152.10(B) and 2152.12(B). *Aalim, supra*, at ¶29.

{¶18} Thus, pursuant to *Aalim*, Ohio's mandatory-transfer statutes violate juveniles' right to due process, while the discretionary-transfer statutes do not. Accordingly, we reverse the trial court's judgment and remand this cause to the juvenile court for an amenability hearing pursuant to R.C. 2152.10 and 2152.12. *See Aalim* at ¶32. Further, since we hold the mandatory-transfer statutes are unconstitutional on due-process grounds, appellant's remaining assignments of error are denied as moot. *See Aalim* at ¶30.

{¶19} For the reasons stated in the opinion of this court, it is the judgment and order of this court that the judgment of the Portage County Court of Common Pleas is reversed, and this matter is remanded to the juvenile court for further proceedings consistent with this opinion.

TIMOTHY P. CANNON, J.,

THOMAS R. WRIGHT, J.,

concur.

6