THE STATE OF OHIO, APPELLANT, *v.* ROMAGE, APPELLEE.

[Cite as *State v. Romage,* 138 Ohio St.3d 390, 2014-Ohio-783.]

*Ohio's child-enticement statute, R.C. 2905.05(A), is unconstitutionally overbroad.*

(Nos. 2012-1958 and 2012-2042—Submitted October 9, 2013—Decided March 6, 2014.)

APPEAL from and CERTIFIED by the Court of Appeals for Franklin County, No. 11AP-822, 2012-Ohio-3381.

_____

SYLLABUS OF THE COURT

Ohio's child-enticement statute, R.C. 2905.05(A), is unconstitutionally overbroad because it sweeps within its prohibitions a significant amount of constitutionally protected activity.

_____

LANZINGER, J.

{¶ 1} In this case, we must determine the constitutionality of R.C. 2905.05(A), Ohio's statute that defines the crime of child enticement. We hold that the statute is unconstitutional and affirm the judgment of the Tenth District Court of Appeals.

I. Introduction

{¶ 2} Appellee, Jason Romage, was charged with criminal child enticement, a violation of R.C. 2905.05(A). On October 18, 2010, a Columbus police officer filed a complaint in the Franklin County Municipal Court that alleged that Romage, "without privilege to do so, knowingly solicit[ed a] child under fourteen years of age * * * to accompany [him], * * * without the express or implied permission of the parent, guardian, or legal custodian of the child."

The complaint specifically alleged that he had asked a child to carry some boxes to his apartment in exchange for money, conduct allegedly constituting a violation of R.C. 2905.05(A).  Romage entered a not-guilty plea.

**{¶ 3}**  Before trial, Romage filed a motion to dismiss the complaint attacking the criminal child-enticement statute on grounds that it was overbroad. Romage cited decisions of appellate courts in Ohio that had struck down R.C. 2905.05(A) or substantially similar city ordinances for the same reason.  *See State v. Chapple,* 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 18 (2d Dist.); *Cleveland v. Cieslak,* 8th Dist. Cuyahoga No. 92017, 2009-Ohio-4035, ¶ 7-9, 16.  The trial court agreed and dismissed the complaint.

**{¶ 4}**  The Tenth District Court of Appeals upheld the judgment of the trial court, holding that R.C. 2905.05(A) is unconstitutional because it "sweeps within its prohibitions a significant amount of constitutionally protected activity." 10th Dist. Franklin No. 11AP-822, 2012-Ohio-3381, 974 N.E.2d 120, ¶ 14.  The court determined that the statute's use of the term "solicit" was the problem, since "[t]he common meaning of that term encompasses 'merely asking.' "  *Id*. at ¶ 10.

**{¶ 5}**  The Tenth District certified that its judgment conflicted with the judgment of the First District Court of Appeals in *State v. Clark*, 1st Dist. Hamilton No. C-040329, 2005-Ohio-1324.  We agreed that a conflict exists on the issue whether R.C. 2905.05(A) is unconstitutionally overbroad.  134 Ohio St.3d 1465, 2013-Ohio-553, 983 N.E.2d 366.  We also accepted the state's discretionary appeal.  134 Ohio St.3d 1467, 2013-Ohio-553, 983 N.E.2d 367.

## II. Analysis

**{¶ 6}**  The state, as appellant, argues that the court of appeals erred in its judgment because R.C. 2905.05(A) may be interpreted as being constitutional by applying a narrow definition of the word "solicit" or by severing that word from the statute.  Romage maintains that even without the word "solicit," R.C. 2905.05(A) sweeps within its prohibitions a significant amount of innocent

2

activity protected by the First Amendment. He argues that the statute would require rewriting to be made constitutional, which this court cannot do.

*Burden of proof in a facial challenge*

**{¶ 7}** We acknowledge at the outset that enactments of the General Assembly enjoy a strong presumption of constitutionality. *State ex rel. Jackman v. Cuyahoga Cty. Court of Common Pleas*, 9 Ohio St.2d 159, 161, 224 N.E.2d 906 (1967). Thus, a statute will be upheld unless proven beyond a reasonable doubt to be unconstitutional. *State v. Warner*, 55 Ohio St.3d 31, 43, 564 N.E.2d 18 (1990), citing *State ex rel. Dickman v. Defenbacher*, 164 Ohio St. 142, 128 N.E.2d 59 (1955), paragraph one of the syllabus. Facial challenges present a higher hurdle than as-applied challenges because, in general, for a statute to be facially unconstitutional, it must be unconstitutional in all applications. *Oliver v. Cleveland Indians Baseball Co. Ltd. Partnership,* 123 Ohio St.3d 278, 2009-Ohio-5030, 915 N.E.2d 1205, ¶ 13.

**{¶ 8}** An exception to the general rule of presumed constitutionality is recognized for laws so broadly written that they "may have such a deterrent effect on free expression that they should be subject to challenge even by a party whose own conduct may be unprotected." *Members of Los Angeles City Council v. Taxpayers for Vincent,* 466 U.S. 789, 798, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984). This exception is known as the overbreadth doctrine. For a statute to be facially invalid on overbreadth grounds, "there must be a realistic danger that the statute itself will significantly compromise recognized First Amendment protections of parties not before the Court." *Id.* at 801.

> "A clear and precise enactment may * * * be 'overbroad' if in its reach it prohibits constitutionally protected conduct." [*Grayned v. Rockford*], 408 U.S. [104,] 114, 92 S.Ct. [2294,] 33 L.Ed.2d [222 (1972)]. In considering an overbreadth challenge,

the court must decide "whether the ordinance sweeps within its prohibitions what may not be punished under the First and Fourteenth Amendments." *Id.*, 408 U.S. at 115, 92 S.Ct. at 2302, 33 L.Ed.2d at 231.

*Akron v. Rowland*, 67 Ohio St.3d 374, 387, 618 N.E.2d 138 (1993). A statute will be invalidated as overbroad only when its overbreadth has been shown by the defendant to be substantial. *New York v. Ferber*, 458 U.S. 747, 769, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). We recognize that in construing legislative enactments, courts are bound to interpret them in such a way that they are constitutional, if it is reasonably possible to do so. *State ex rel. Dickman*; *State ex rel. Jackman*.

*The purpose and effect of the criminal child-enticement statute*

{¶ 9} The statute at issue in this case, R.C. 2905.05(A), provides:[1]

> *No person*, by any means and without privilege to do so, *shall knowingly solicit*, coax, entice, or lure *any child under fourteen years of age to accompany the person in any manner*, including entering into any vehicle or onto any vessel, whether or not the offender knows the age of the child, *if both* of the following apply:

> (1) The actor *does not have express or implied permission* of the parent, guardian, or other legal custodian of the child in undertaking the activity.

---

1. R.C. 2905.05 was amended effective July 11, 2013. 2013 Sub.S.B. No. 64. The amended statute adds subsection (C), which provides: "No person, for any unlawful purpose other than, or in addition to, that proscribed by division (A) of this section, shall engage in any activity described in division (A) of this section." The language in R.C. 2905.05(A) remains unchanged.

4

(2) The *actor is not a law enforcement officer*, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

(Emphasis added.)

{¶ 10} In other words, anyone other than the legal custodian of a child, those listed in subsection (A)(2), or those who have the legal custodian's express permission who asks a child under 14 to go with him or her risks a criminal charge. Undoubtedly, R.C. 2905.05(A) has an admirable purpose, which is "to prevent child abductions or the commission of lewd acts with children." *Chapple,* 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 17. We have held that "protection of members of the public from sexual predators and habitual sex offenders is a paramount governmental interest." *State v. Cook*, 83 Ohio St.3d 404, 406, 700 N.E.2d 570 (1998). Certainly, the safety and general welfare of children is even more deserving of governmental protection. But a statute that defines criminal conduct should not include what is constitutionally protected activity. Even though the state has a legitimate and compelling interest in protecting children from abduction and lewd acts, a statute intended to promote legitimate goals that can be regularly and improperly applied to prohibit protected expression and activity is unconstitutionally overbroad. *Houston v. Hill*, 482 U.S. 451, 107 S.Ct. 2502, 96 L.Ed.2d 398 (1987). R.C. 2905.05(A) is such a statute. Although the statute uses the word "knowingly," the word modifies "solicit." The statute fails to require that the prohibited solicitation, coaxing, enticing, or luring occur with the intent to commit any unlawful act.

**{¶ 11}** Romage argues that this statute criminalizes many innocent acts, and in so arguing, he specifically points to the statute's use of the word "solicit." "The common, ordinary meaning of the word 'solicit' encompasses 'merely asking.'" *State v. Carle*, 11th Dist. Ashtabula No. 2007-A-0008, 2007-Ohio-5376, at ¶ 17, citing *Black's Law Dictionary* 1427 (8th Ed.2004). R.C. 2905.05(A) fails to require that the prohibited solicitation occur with the intent to commit any unlawful act, and there is no requirement that the offender be aggressive toward the victim. With respect to those who are not specifically exempted (i.e., legal custodians, those with permission from a legal custodian, and those listed under R.C. 2905.05(A)(2)), the statute prohibits anyone from asking any child to accompany the person in any manner and for any reason. The statute's broad language can support criminal charges against a person in many innocent scenarios.

**{¶ 12}** Under the statute, each of the following scenarios could result in a criminal charge: a primary-school coach offering to drive a team member home to retrieve a forgotten piece of practice equipment; a parent at a community facility offering to drive another's child home so she does not have to walk; a senior citizen offering a 13-year-old neighborhood child money to help with household chores; a 14-year-old asking his 12-year-old friend to go for a bike ride.

*The state's two proposals*

**{¶ 13}** The state argues that R.C. 2905.05(A) is not overbroad, because the term "solicit" should be narrowly construed since the other verbs used— "entice," "coax," "lure"—all imply the use of artifice, deceit, and/or promises to induce compliance. The state asserts that in the context of R.C. 2905.05(A), the meaning of "solicit" should be narrowed by employing the canon of construction noscitur a sociis (a word gains meaning by the company it keeps). This canon counsels that a word is given a more precise meaning by the neighboring words

with which it is associated. *United States v. Williams*, 553 U.S. 285, 294, 128 S.Ct. 1830, 170 L.Ed.2d 650 (2008); *Ashland Chem. Co. v. Jones,* 92 Ohio St.3d 234, 236-237, 749 N.E.2d 744 (2001). The state asks us to employ one of two strategies to save the statute: define the term "solicit" to mean something more than just asking or sever the term from the statute. Neither proposed solution would be effective.

{¶ 14} Even if we were to employ a more narrow definition of "solicit," R.C. 2905.05(A) would still criminalize a substantial amount of activity protected by the First Amendment. The statute forbids anyone other than the legal custodian of a child, those listed in R.C. 2905.05(A)(2), or those who have the legal custodian's express permission to solicit a child under the age of 14 to accompany the person "in any manner" for any purpose. The motivation for the solicitation is irrelevant.[2] There is no requirement that the offender be aggressive toward the victim. One need not have intent to commit a crime. Short of rewriting R.C. 2905.05(A), which is the province of the legislature rather than the court, we cannot construe the statute in such a way as to find it constitutional.

*The possibility of severance*

{¶ 15} As an alternative to narrowly construing the word "solicit," the state argues that the court could sever the word from the statute and thereby save the statute from being overbroad. The severance test was first pronounced by this court in *Geiger v. Geiger*, 117 Ohio St. 451, 466, 160 N.E. 28 (1927). Three questions are to be answered in determining whether severance is appropriate:

"(1) Are the constitutional and the unconstitutional parts capable of separation so that each may be read and may stand by itself? (2) Is

---

2. A person indicted under R.C. 2905.05 has an affirmative defense if he or she "undertook the activity in response to a bona fide emergency situation" or "undertook the activity in a reasonable belief that it was necessary to preserve the health, safety, or welfare of the child." R.C. 2905.05(D). Nevertheless, one may be indicted when motivation is innocent.

the unconstitutional part so connected with the general scope of the whole as to make it impossible to give effect to the apparent intention of the Legislature if the clause or part is stricken out? (3) Is the insertion of words or terms necessary in order to separate the constitutional part from the unconstitutional part, and to give effect to the former only?"

*Id.*, quoting *State v. Bickford*, 28 N.D. 36, 147 N.W. 407 (1913), paragraph nineteen of the syllabus. Severance is appropriate only when the answer to the first question is yes and the answers to the second and third questions are no. After examining R.C. 2905.05(A), we determine that severance of the word "solicit" would not meet the *Geiger* test.

{¶ 16} Even if the word "solicit" were severed, the remaining language— that no person may "coax, entice, or lure any child * * * in any manner"—still encompasses a wide range of innocent and protected conduct. An elderly person offering a child under 14 years old money to come with her to help with chores is more than merely asking, and this activity would arguably constitute coaxing, enticing, or luring. *See Chapple*, 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 17. In other words, severance of the single word does not transform the statute into a constitutional one. The statute would still capture a substantial amount of protected conduct because without a criminal-intent requirement, it is still not narrowly tailored to achieve the state's interest in protecting children.

{¶ 17} The First District's judgment that was certified as being in conflict with the judgment in this case held that R.C. 2905.05(A) is constitutional and not overbroad. *State v. Clark,* 2005-Ohio-1324. *Clark*, however, is unpersuasive and can be distinguished. The *Clark* court summarily addresses the constitutional issue and cites two First District cases from the 1980s that involved an older

8

version of the statute. *Id*. at ¶ 8, citing *State v. Long*, 49 Ohio App.3d 1, 2, 550 N.E.2d 522 (1st Dist.1989); and *State v. Kroner*, 49 Ohio App.3d 133, 134-135, 551 N.E.2d 212 (1st Dist.1988). At the time that *Kroner* and *Long* were decided, R.C. 2905.05(A) prohibited knowingly soliciting, coaxing, enticing, or luring any child under the age of 14 "to enter into any vehicle." Am.Sub.S.B. No. 321, 140 Ohio Laws, Part I, 1192, 1211. When the statute was amended in 2001, however, the prohibition was broadened to prohibit a person from soliciting any child under 14 to "accompany the person in any manner, including entering into any vehicle." S.B. No. 312, 148 Ohio Laws, Part V, 11668. The *Clark* court failed to recognize that R.C. 2905.05(A) was no longer limited to solicitations to enter vehicles and that *Kroner* and *Long* therefore provided little persuasive value in determining the constitutionality of the statute. In considering only cases that addressed an older version of the statute, the *Clark* court did not analyze the effect of the statutory amendments that encompassed innocent conduct when it held R.C. 2905.05(A) to be constitutional.

**{¶ 18}** Appellate courts other than the First District have addressed the constitutionality of R.C. 2905.05(A) and held that the statute criminalizes constitutionally protected activity. *See State v. Goode*, 9th Dist. Summit No. 26320, 2013-Ohio-556, 989 N.E.2d 107, ¶ 8, 12; *State v. Chapple,* 175 Ohio App.3d 658, 2008-Ohio-1157, 888 N.E.2d 1121, ¶ 16-18; *Cleveland v. Cieslak,* 8th Dist. Cuyahoga No. 92017, 2009-Ohio-4035, ¶ 14-16 (analyzing a comparable municipal ordinance by quoting *Chapple*). These courts have also held that by reaching a substantial amount of constitutionally protected speech and associations, the statute goes far beyond its intended purpose of protecting children. *Goode* at ¶ 8, 12; *Chapple* at ¶ 16-18. We agree. Ohio's child-enticement statute, R.C. 2905.05(A), is unconstitutionally overbroad because it sweeps within its prohibitions a significant amount of constitutionally protected activity.

III.  Conclusion

{¶ 19} R.C. 2905.05(A) does not survive constitutional scrutiny due to its overbreadth.  We therefore answer yes to the certified question, and we affirm the judgment of the Tenth District Court of Appeals.

Judgment affirmed.

PFEIFER, O'DONNELL, KENNEDY, and O'NEILL, JJ., concur.

O'CONNOR, C.J., and FRENCH, J., dissent.

_____

**FRENCH, J., dissenting.**

{¶ 20} In my view, this court can, and should, avoid declaring R.C. 2905.05(A) unconstitutionally overbroad by construing the term "solicit" narrowly.  Reading the statute narrowly, I conclude that it is constitutional.  Therefore, I dissent.

{¶ 21} Under its broadest reading, R.C. 2905.05(A) applies to certain persons who "knowingly" seek the unauthorized "accompan[iment]" of another's young child (age 13 or younger) by conduct or words that "solicit, coax, entice, or lure."  To be guilty of criminal child enticement, the actor must lack legal "privilege," R.C. 2905.05(A), meaning "an immunity, license, or right conferred by law, bestowed by express or implied grant, arising out of status, position, office, or relationship, or growing out of necessity," R.C. 2901.01(A)(12).  The actor must also act without the "express or implied permission" of a parent, guardian or other legal custodian, R.C. 2905.05(A)(1), and must not fall within any of five express categories of actors excluded from liability if they are acting within the scope of their duties: (1) law-enforcement officers, (2) medics, (3) firefighters, (4) emergency-service providers, or (5) any employee, agent, or volunteer of any board of education.  Finally, even if the actor falls outside all of the foregoing categories, the actor has an affirmative defense if he or she acted "in response to a bona fide emergency situation" or "in a reasonable belief that it was

10

necessary to preserve the health, safety, or welfare of the child." R.C. 2905.05(D).

{¶ 22} To strike down R.C. 2905.05(A) as facially overbroad in violation of the First Amendment, the majority had to find that the statute punishes "a 'substantial' amount of protected free speech, 'judged in relation to the statute's plainly legitimate sweep.' " *Virginia v. Hicks*, 539 U.S. 113, 118-119, 123 S.Ct. 2191, 156 L.Ed.2d 148 (2003), quoting *Broadrick v. Oklahoma*, 413 U.S. 601, 615, 93 S.Ct. 2908, 37 L.Ed.2d 830 (1973). In other words, the act of attempting to obtain the unauthorized accompaniment of another's young child must fall under a "recognized First Amendment protection[ ]." *Members of Los Angeles City Council v. Taxpayers for Vincent*, 466 U.S. 789, 801, 104 S.Ct. 2118, 80 L.Ed.2d 772 (1984).

{¶ 23} The majority is silent as to why the speech subject to R.C. 2905.05(A) qualifies as protected expression, much less how the statute punishes a *substantial amount* of protected expression. But even if I were to accept the majority's premise that there is a First Amendment right to attempt to obtain the unauthorized accompaniment of another's young child for "innocent" purposes, this court can avoid a finding of overbreadth by applying a narrower interpretation of "solicit." The majority reads "solicit" out of context and uses the broadest definition it can find—"merely asking"—which it borrows from an appellate decision. By its use of a sweeping, out-of-context definition, the majority ignores the principle that courts should refrain from striking down a statute on First Amendment grounds whenever "a limiting construction has been or could be placed on the challenged statute." *Broadrick* at 613. When reading the word "solicit" with its neighboring operative verbs—"coax, entice, or lure"—one can reasonably find a more sinister connotation. Solicit can mean to "lead astray" or "lure on and esp. *into evil*." (Emphasis added.) *Webster's Third New International Dictionary* 2169 (1986). Applying this narrower construction, I

cannot conclude that R.C. 2905.05(A) criminalizes a substantial amount of activity protected by the First Amendment.

{¶ 24} In conclusion, I would answer the certified-conflict question in the negative and reverse the judgment of the court of appeals. Because the majority has concluded otherwise, I dissent.

O'CONNOR, C.J., concurs in the foregoing opinion.

_____

Richard C. Pfeiffer Jr., Columbus City Attorney, Lara N. Baker-Moorish, City Prosecuting Attorney, and Melanie R. Tobias, Director of Criminal Appeals Unit, for appellant.

Riddell Law, L.L.C., Douglas E. Riddell Jr., and Bridget Purdue Riddell, for appellee.

Ron O'Brien, Franklin County Prosecuting Attorney, Steven L. Taylor, Chief Counsel, Appellate Division, and Laura R. Swisher, Assistant Prosecuting Attorney, urging reversal for amici curiae Ohio Prosecuting Attorneys Association and Franklin County Prosecuting Attorney Ron O'Brien.

Timothy Young, Ohio Public Defender, and Peter Galyardt, Assistant State Public Defender, urging affirmance for amicus curiae Office of the Ohio Public Defender.

_____