[Cite as *Parma v. Horky*, 2019-Ohio-4886.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF PARMA,                      :

    Plaintiff-Appellee,          :

                                 No. 107968

v.                                  :

ZACHARY P. HORKY,                   :

    Defendant-Appellant.         :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED
**RELEASED AND JOURNALIZED:** November 27, 2019

Criminal Appeal from the Parma Municipal Court
Case Nos. 18-CRB-03100 and 18-CRB-03492

### *Appearances:*

Timothy G. Dobeck, Parma Law Director, and John J. Spellacy, Assistant Prosecuting Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and Cullen Sweeney, Assistant Public Defender, *for appellant.*

KATHLEEN ANN KEOUGH, J.:

{¶ 1} Defendant-appellant, Zachary P. Horky ("Horky"), appeals his convictions in two cases that were consolidated for appeal. For the reasons that follow, we vacate his convictions and order Horky discharged.

{¶ 2} In 2018, Horky was charged in the Parma Municipal Court in two different cases with one count each of criminal child enticement in violation of Parma Codified Ordinances 636.075. He pleaded not guilty in both cases, and the matter proceeded to a bench trial. During its opening statement, the city amended the charge in each case to criminal child enticement in violation of R.C. 2905.05, the state statute containing nearly identical language to that of Parma Codified Ordinances 636.075. After hearing all the evidence, the court found Horky guilty in both cases and sentenced him in each case to a $250 fine and 180 days in jail; the sentences were ordered to be served consecutively. Horky's sentence was immediately ordered into execution.

{¶ 3} The trial court subsequently denied Horky's request for bond and to stay execution of his sentence pending appeal. Subsequently, this court granted Horky's motion for an appellate bond and suspended the execution of his sentence pending appeal.

{¶ 4} Horky now appeals, raising three assignments of error of our review.

I. Final Appealable Order

{¶ 5} At the outset, the city of Parma contends that Horky's judgment entries of conviction are not final appealable orders; thus, this court lacks jurisdiction to consider his appeal. Specifically, the city contends, without citation to any authority, that because the judgment entries of conviction do not identify the subsection of R.C. 2905.05 of which Horky was found to be in violation, there is an ambiguity that renders the entries not final or appealable. We disagree.

{¶ 6} Crim.R. 32(C) specifies what a judgment entry of conviction must contain: "A judgment of conviction shall set forth the plea, the verdict, or findings, upon which each conviction is based, and the sentence." "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142, paragraph one of the syllabus.

{¶ 7} In this case, the judgment entries of conviction satisfy all four requirements: (1) each provides that Horky was convicted of criminal child enticement, (2) states his sentence for the offense, (3) is signed by the trial judge, and (4) is time stamped. The fact that they do not contain the code subsection of the charge upon which Horky was found guilty does not make the judgment entries not final nor unappealable. *See, e.g., State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.3d 163 (journal entry of conviction final and appealable where it only identified the names of the offenses the defendant was convicted; not the code section). Accordingly, this appeal is properly before this court.

## II. Unconstitutional Statute

{¶ 8} In his first assignment of error, Horky contends that his convictions violate due process and are otherwise invalid because they are based on R.C. 2905.05(A) — a statute that has been declared unconstitutional by the Ohio Supreme Court in *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156. The state contends that the Ohio Supreme Court did not find R.C. 2905.05

unconstitutional in its entirety, but rather only declared subsection (A) unconstitutional. The city seems to contend that Horky's journal entries of conviction do not indicate the subsection of which Horky was found guilty; thus, Horky's convictions should be upheld because it is possible he was convicted of R.C. 2905.05(B) or (C).

{¶ 9} R.C. 2905.05, criminal child enticement, provides, in relevant part:

(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle or onto any vessel, whether or not the offender knows the age of the child, if both of the following apply:

(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

(B) No person, with a sexual motivation, shall violate division (A) of this section.

(C) No person, for any unlawful purpose other than, or in addition to, that proscribed by division (A) of this section, shall engage in any activity described in division (A) of this section.

{¶ 10} In *Romage*, the Ohio Supreme Court held that R.C. 2905.05(A) is unconstitutionally overbroad because it "sweeps within its prohibitions a significant amount of constitutionally protected activity." *Id.* at syllabus. *See also Cleveland v. Cieslak*, 8th Dist. Cuyahoga No. 92017, 2009-Ohio-4035 (finding that Cleveland

Codified Ordinances 609.09, criminal child enticement, is unconstitutionally overbroad).

{¶ 11} In this case, the city does not dispute that R.C. 2905.05(A) was declared unconstitutional, but contends that Horky's convictions should be upheld because it is possible he was found guilty of R.C. 2905.05(B) or (C), which was not stricken by *Romage*. The city, however, ignores a plain reading of the record that reveals that the city undoubtedly prosecuted Horky for violating R.C. 2905.05(A).

{¶ 12} First, at the time that the city amended the charge from the city code to the state code of R.C. 2905.05, the prosecutor stated:

> And it says that no person by any means and without privilege to do so shall knowingly solicit, coax, entice or lure any child under 14 years of age to accompany the person in any manner including entering into a vehicle or onto any vessel whether or not the offender knows the age of the child if both of the following apply and so it mimics, it is the exact same language that's contained in the Parma Codified Ordinance.

(Tr. 4-5.) This quoted language is expressly derived from subsection (A) of R.C. 2505.05. At no time did the city add the additional elements contained in subsections (B) or (C) of R.C. 2505.05 when making the amendment.

{¶ 13} Additionally, during both opening and closing arguments, the city maintained that Horky was guilty of criminal child enticement by continuing to quote from R.C. 2905.05(A). During opening statements, the prosecutor stated:

> Your honor we believe that the City will prove beyond a reasonable doubt each and every essential element of the crime of Child Enticement and that is that Mr. Horky did knowingly solicit, coax, entice, or lure a child under 14 years of age to accompanying [sic] the person in any manner. And then it goes on to say if both of the

following apply and (a) no express or implied permission of any parent or guardian and [b] the actor is not a law enforcement officer.

(Tr. 3-4.). During closing argument, the prosecutor stated:

> I believe the evidence is pretty clear that the Defendant is Guilty of Two Counts of Child Enticement. One on or about July 13th 2018, one from July 16th 2018, the statute is pretty clear, specifically the elements are to knowingly solicit, coax, entice or lure a child under 14 years of age to accompany the person in any manner if both of the following apply [a)] there is no expressed or implied permission of the parent or guardian and b) the actor is not a law enforcement officer, etc., well he certainly is not a law enforcement officer, he certainly, clearly did not have permission contrary to his testimony.

(Tr. 108.) Based on these arguments at trial, the record clearly demonstrates that the city prosecuted Horkey under R.C. 2505.02(A).

{¶ 14} Finally, the record does not support the city's theory that Horky may have been convicted of either R.C. 2905.05(B) or (C) because at no time during trial did the city argue or even mention the presence of the additional element found in subsection (B) — prohibiting a violation of subsection of (A) "with a sexual motivation;" or the additional element found in subsection (C) — prohibiting a violation of subsection (A) "for any unlawful purpose." In fact, the record clearly rebuts the possibility that Horky was convicted of violating either subsections (B) or (C), both of which require some unlawful intent, because the prosecutor specifically stated during closing that:

> Whether [Horky's] intentions were completely good or not doesn't matter pursuant to the statute, has no bearing on the statute, this is for the protection of kids and he violated the statue.

(Tr. 108.)

**{¶ 15}** Based on the record before this court, we find that Horky's due process rights were violated when he was prosecuted and convicted of violating a statute that was previously declared unconstitutional. The assignment of error is sustained.

**{¶ 16}** Because we find merit to his first assignment of error, Horky's second and third assignments of error, which challenge the effectiveness of his trial counsel and sufficiency of the evidence, are rendered moot. *See* App.R. 12(A)(1)(c).

**{¶ 17}** Judgment vacated; Horky is ordered discharged from the sentences imposed.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Parma municipal court to carry this judgment into execution. A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
RAYMOND C. HEADEN, J., CONCUR