[Cite as *State v. Johnson*, 2023-Ohio-3185.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
GREENE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 2023-CA-5 |
| | : | |
| v. | : | Trial Court Case No. 22 CRB01109 |
| | : | |
| MARCUS S. JOHNSON | : | (Criminal Appeal from Municipal Court) |
| | : | |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on September 8, 2023

. . . . . . . . . . .

RICHARD L. KAPLAN, Attorney for Appellant

DANIELLE E. SOLLARS, Attorney for Appellee

. . . . . . . . . . . .

WELBAUM, P.J.

{¶ 1} Appellant, Marcus S. Johnson, appeals from his conviction for criminal child enticement in violation of R.C. 2905.05(A) following a bench trial in the Xenia Municipal Court. In support of his appeal, Johnson contends that his conviction should be vacated because the Supreme Court of Ohio declared R.C. 2905.05(A) unconstitutional in 2014.

The State agrees with Johnson and concedes error. Because R.C. 2905.05(A) was declared unconstitutional in *State v. Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, Johnson's conviction for criminal child enticement under that statute will be vacated.

## Facts and Course of Proceedings

{¶ 2} On October 14, 2022, Johnson was charged by complaint with one count of criminal child enticement in violation of R.C. 2905.05(A). The charge stemmed from an allegation that on October 4, 2022, Johnson stopped his truck in an alleyway where a 13-year-old boy was playing basketball and aggressively told the boy: "Come here, get in the truck!" Johnson pled not guilty to the charge and the matter proceeded to a bench trial. Following the bench trial, the trial court found Johnson guilty of the charged offense. After reviewing a presentence investigation report, the trial court sentenced Johnson to 120 days in jail with 69 days of jail-time credit. The trial court also ordered Johnson to pay court costs and a $1,000 fine with $500 suspended.

{¶ 3} Johnson now appeals from his conviction and raises two assignments of error for this court's review.

## First Assignment of Error

{¶ 4} Under his first assignment of error, Johnson contends that the criminal child enticement statute under which he was convicted, i.e., R.C. 2905.05(A), was declared

unconstitutional by the Supreme Court of Ohio in *Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156. As a result, Johnson asserts that his conviction for that offense should be vacated. The State agrees with Johnson's argument and concedes error.

{¶ 5} As a preliminary matter, we note that Johnson did not challenge the constitutionality of R.C. 2905.05(A) in the trial court. "Failure to raise at the trial court level the issue of the constitutionality of a statute or its applications, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal." *State v. Awan*, 22 Ohio St.3d 120, 489 N.E.2d 277 (1986), syllabus. "Nonetheless, Crim.R. 52(B) allows us to recognize 'plain errors or defects affecting substantial rights,' although they have not been preserved at trial, in exceptional circumstances to prevent a miscarriage of justice." *State v. Reynolds*, 148 Ohio App.3d 578, 2002-Ohio-3811, 774 N.E.2d 347, ¶ 8 (2d Dist.), quoting Crim.R. 52(B).

{¶ 6} "The test for plain error is whether the result of the trial would have clearly been otherwise had the error not occurred." *Id.* If the statute under which a person was convicted had been deemed unconstitutional, then the outcome of trial would clearly have been different if the issue had been raised, because no conviction could be predicated upon a violation of the statute. *Id.* Therefore, under that circumstance, plain error would be established.

{¶ 7} Upon review, we find that Johnson and the State correctly assert that the Supreme Court of Ohio in *Romage*, 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156,

declared section (A) of the criminal child enticement statute unconstitutional. Specifically, the court in *Romage* held that "R.C. 2905.05(A) is unconstitutionally overbroad because it sweeps within its prohibitions a significant amount of constitutionally protected activity." *Id.* at syllabus. Because a conviction cannot be predicated on the violation of an unconstitutional statute, we find that Johnson has established plain error that warrants the vacation of his conviction.

{¶ 8} Johnson's first assignment of error is sustained.

**Second Assignment of Error**

{¶ 9} Under his second assignment of error, Johnson alternatively argues that if this court finds R.C. 2905.05(A) constitutional on its face, the statute was nevertheless unconstitutionally overbroad as applied to his statement: "Come here, get in the truck!" Because we have already determined that R.C. 2905.05(A) is unconstitutional as declared by *Romage*, we need not address Johnson's second assignment of error.

{¶ 10} Johnson's second assignment of error is overruled as moot.

**Conclusion**

{¶ 11} Having sustained Johnson's sole assignment of error, the judgment of the trial court convicting Johnson of criminal child enticement under R.C. 2905.05(A) is vacated.

. . . . . . . . . . . . .

LEWIS, J. and HUFFMAN, J., concur.