[Cite as *In re C.S.*, 2025-Ohio-2448.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

IN RE C.S.                                    :
                                              :
A Minor Child                                 :                    No. 114228

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 10, 2025

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Juvenile Division
Case No. DL-24-100528

---

### *Appearances:*

Wegman Hessler Valore and Dean Valore, *for appellant.*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Chloe Robinson, Assistant Prosecuting Attorney, *for appellee.*

ANITA LASTER MAYS, J.:

{¶ 1} Appellant C.S., a juvenile, appeals from the judgment of the Cuyahoga County Court of Common Pleas, Juvenile Division, adjudicating him delinquent on multiple counts of rape and gross sexual imposition involving K.W., d.o.b. 12/02/2013. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

{¶ 2} The victim K.W., who was nine years old at the time, attended a sleepover at the home of C.S., then 14 years old, on November 25, 2023. K.W. testified that she was asleep in the bed of C.S.'s younger sister when she was awoken by C.S. entering the room. Over the course of three separate incidents, C.S. allegedly touched K.W.'s vaginal and anal areas under her clothing, inserted his finger into her anus, and attempted to anally penetrate her with his penis. K.W. testified that she kicked C.S., told him to stop, and later informed his mother about the incident. C.S.'s mother then contacted K.W.'s mother. K.W. was taken to the hospital, examined by a sexual assault nurse examiner ("SANE nurse"), and interviewed by police and a forensic social worker, whereby she disclosed what happened.

{¶ 3} The State presented corroborating testimony from K.W.'s mother, medical professionals, law enforcement, and a social worker. A forensic interview was conducted, and DNA evidence was introduced. Although the DNA evidence was inconclusive in definitively identifying C.S., it was consistent with his Y-STR profile and supported the timeline of events.

{¶ 4} C.S. testified in his own defense, admitting to entering the room and making physical contact with K.W. while searching for a charger, but denying any sexual motivation.

{¶ 5} The juvenile court found C.S. not delinquent on Count 1 but adjudicated him delinquent on Counts 2 through 7. At disposition, the court merged Counts 2 and 3, Counts 4 and 5, and Counts 6 and 7. The State elected to proceed

on Counts 2, 4, and 6. C.S. was committed to ODYS for an indefinite term, suspended on conditions of 18 months of probation, and was classified as a Tier I juvenile sex offender.

{¶ 6} C.S. timely appeals raising the following three assignments of error:

I. The adjudication on Count 2 is based on an unconstitutionally vague statute as applied.

II. The adjudications on Counts 2-7 were not supported by sufficient evidence.

III. The adjudications on Counts 2, 3, 5, and 7 were against the manifest weight of the evidence.

## LAW AND ANALYSIS

### A. Constitutionality of R.C. 2907.02(A)(1)(b)

{¶ 7} In his first assignment of error, C.S. argues that R.C. 2907.02(A)(1)(b), which criminalizes sexual conduct with a child under 13 years of age regardless of consent, is unconstitutionally vague as applied to him because he had only recently turned 14. Generally, the failure to raise a constitutional challenge in the trial court waives the issue on appeal. *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. However, the Ohio Supreme Court has expressly limited the discretionary application of the waiver doctrine, including in juvenile delinquency proceedings. *See In re M.D.*, 38 Ohio St.3d 149, 151 (1988). The Court held that the appellate court erred when it refused to consider a constitutional claim in a juvenile case solely on waiver grounds, where the claim implicated constitutional rights and the psychological and social well-being of young children, contrary to R.C. 2151.01. *Id.* at 153. Like *In re M.D.,* the constitutional claim in the

present case implicates the fundamental rights of a juvenile and R.C. 2151.01. C.S.'s claim is fully briefed and concerns the application of a statute that carries serious consequences for juvenile offenders. Accordingly, rather than invoking the waiver doctrine, which would conflict with the Ohio Supreme Court's holding in *In re M.D.,* we elect to consider the merits of C.S.'s constitutional claim.

{¶ 8} The standard of review for a constitutional challenge to a statute is de novo. *See State v. Romage*, 2014-Ohio-783, ¶ 7. A statute will not be found unconstitutional unless it is demonstrated beyond a reasonable doubt that it is clearly incompatible with the Constitution. *Id.*

{¶ 9} The constitutionality of a statute may be challenged either as facially invalid, or invalid when applied to a particular set of facts. *In re D.B.*, 2011-Ohio-2671, ¶ 12. C.S. relies on *In re D.B.,* which involved a scenario where both the offender and the victim were under the age of 13. C.S. argues that since he had turned 14 only shortly before the incident, application of R.C. 2907.02(A)(1)(b) to him was arbitrary.

{¶ 10} The Ohio Supreme Court found R.C. 2907.02(A)(1)(b) unconstitutionally vague when applied to defendants who were under 13 years of age because, as applied to this class of offenders, the statute authorized and encouraged arbitrary and discriminatory enforcement, given that both the victim and perpetrator are statutorily considered victims. *Id.* at ¶ 24.

**{¶ 11}** In the instant case, C.S. was 14 years old and K.W. was nine. This age difference places C.S. clearly outside the narrow factual scenario considered by the Court in *In re D.B.*

**{¶ 12}** Therefore, C.S. has not demonstrated that R.C. 2907.02(A)(1)(b) is unconstitutionally vague, as applied to him.

**{¶ 13}** Accordingly, the first assignment of error is overruled.

### B. Sufficiency of Evidence

**{¶ 14}** Turning to his second assignment of error, C.S. challenges the sufficiency of the evidence supporting his adjudications of delinquency in Counts 2 through 7. He argues that the State failed to establish the required element of penetration for the rape adjudications and did not demonstrate sufficient evidence of sexual motivation and force necessary to sustain the rape and gross-sexual-imposition adjudications. We disagree.

**{¶ 15}** A claim of insufficient evidence is a question of law, which an appellate court reviews de novo. *State v. Jordan*, 2023-Ohio-3800, ¶ 13; *State v. Groce*, 2020-Ohio-6671 ¶ 7.

**{¶ 16}** A reviewing court considers "'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Dean*, 2015-Ohio-4347, ¶ 150, quoting *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, *superseded by constitutional amendment on other grounds*, *State v. Smith*, 80 Ohio St.3d 89, 102, fn. 4 (1991). We can only review the

sufficiency of the evidence for the crimes in which the sentence was imposed and not the counts merged into that crime. *State v. Pollard*, 2021-Ohio-2520, ¶ 16 (8th Dist.). Thus, we limit our review to Counts 2, 4, and 6, because the remaining counts were merged and not subject to disposition. *See State v. Hawkins*, 2021-Ohio-1482, ¶ 21 (8th Dist.); *State v. Ramos*, 2016-Ohio-7685, ¶ 14 (8th Dist.).

### Count 2 and R.C. 2907.02(A)(1)(b)

{¶ 17} R.C. 2907.02(A)(1)(b) requires proof of "sexual conduct," defined by statute as including "anal intercourse" or "the insertion, however slight, of any part of the body. . . into the vaginal or anal opening of another." *See* R.C. 2907.01(A). C.S. contends that no competent, credible evidence supports digital penetration because K.W. denied it occurred. Moreover, C.S. claims the only evidence of penetration came from third-party hearsay. We find C.S.'s argument unpersuasive.

{¶ 18} During direct examination, K.W. testified that "[o]n the third attempt he touched me with his private part," and when asked where he touched her, she responded, "[i]n my behind." (Tr. 58.) Earlier in her testimony, K.W. explained that C.S. used his hand to touch "the front of my body" and specified that his hand was "in my shorts." (Tr. 57.) K.W. further testified that C.S. touched her vagina under her clothes, rubbed and touched her bottom, and "tried to touch me with his private part." *Id.* When asked if anything ever went inside of her buttocks, she answered "No. I woke up before it happened, so . . . ." (Tr. 58.)

{¶ 19} Although K.W.'s testimony at trial was inconsistent regarding penetration, C.S.'s assertion of insufficient evidence of penetration is unsupported

by the record. The testimony of a single witness, if found credible by the trier of fact, is sufficient to establish a fact in dispute, even when the testimony is contradicted by other evidence. *State v. Uncapher*, 2022-Ohio-1449, ¶ 30 (7th Dist.); *see State v. Dean*, 2010-Ohio-5070, ¶ 177. Moreover, "'[a] defendant will not be entitled to reversal on manifest weight or insufficient evidence grounds merely because inconsistent testimony was heard at trial.'" *State v. Platt* 2005-Ohio-705, ¶ 23 (10th Dist.), quoting *State v. Raver*, 2003-Ohio-958, ¶ 21 (10th Dist.).

{¶ 20} The record, here, includes corroborating testimony from numerous witnesses, describing substantially the same disclosure of digital, anal penetration by C.S. Detectives Patrick Hace and Eric Cornell testified that K.W. disclosed shortly after the event that C.S. "inappropriately touched [her] under her clothing and that a penetration was made of her anus with a finger." (Tr. 94 and 178.) Neither detective testified regarding the credibility of K.W.'s testimony. *See State v. Bouyer*, 2023-Ohio-4793, ¶ 87 (8th Dist.); *State v. Bey,* 2025-Ohio-740, ¶ 35 (8th Dist.). (Although opinion testimony concerning another witness's credibility is not admissible, indirect bolstering of a victim's credibility is different from the direct rendering of an opinion as to a victim's veracity.) Although K.W., ten years old at the time of trial, testified at one point during trial that C.S. did not insert anything in her anus, the record demonstrates K.W.'s discomfort with testifying regarding digital penetration at trial. The detectives' testimony assisted the trier of fact in resolving conflicts in K.W.'s testimony. K.W. made consistent disclosures shortly after the incident, when she was excited and upset. (Tr. 92.)

{¶ 21} Brandy Kula, a SANE nurse, along with Sally McHugh, a social worker with the Cuyahoga County Division of Children and Family Services, both testified consistently regarding K.W.'s disclosures to them. Specifically, that C.S. touched and rubbed her vagina and buttocks with his hands, inserted his finger into her anus, and attempted anal penetration with his penis, and K.W. kicked C.S. hard to make him stop. Statements made for the purposes of medical diagnosis and treatment may be admissible at trial. *State v. Clinton*, 2017-Ohio-9423, ¶ 142.

{¶ 22} Moreover, DNA evidence collected shortly after the incident indicated the presence of male DNA, although it could not definitively be attributed to C.S.

{¶ 23} After reviewing the victim's testimony, corroborating witness testimony, and forensic evidence in a light most favorable to the prosecution, we find competent, credible evidence sufficient for a rational trier of fact to prove the elements of digital penetration, beyond a reasonable doubt, under R.C. 2907.02(A)(1)(b) in Count 2.

**Counts 4 and 6**

{¶ 24} C.S. argues the State failed to prove sexual motivation in Counts 4 and 6. To establish gross sexual imposition under R.C. 2907.05(A)(4), the State must prove: (1) sexual contact; (2) with a victim under the age of 13; and (3) that the victim was not the defendant's spouse.

> "'Sexual contact' means any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person."

*State v. Mundy*, 99 Ohio App.3d 275, 287 (2d Dist. 1994), quoting R.C. 2907.01(B); *State v. Persinger*, 2014-Ohio-4125, ¶ 10 (9th Dist.).

{¶ 25} Here, the record contains competent, credible evidence of sexual motivation. K.W. was under 13 years old at the time of the incident and not C.S.'s spouse. C.S. left the room and returned more than once. Each time he touched and rubbed K.W.'s vagina and buttocks under her clothes. The last time he returned with a towel over his pants and underwear, at which point C.S. attempted to penetrate K.W.'s buttocks with his penis. K.W.'s testimony indicated that despite kicking C.S. and telling him to "get out," C.S.'s conduct only stopped after his older sister intervened and made him leave the room. (Tr. 48.)

{¶ 26} K.W.'s testimony, alone, if believed, is sufficient to prove Counts 4 and 6. *See State v. Patterson,* 2017-Ohio-1444, ¶ 23 (8th Dist.).

{¶ 27} Accordingly, C.S.'s second assignment of error is overruled.

## C. Manifest Weight of the Evidence

{¶ 28} In his third assignment of error, C.S. contends that the adjudications were against the manifest weight of the evidence. He relies on K.W.'s testimony that C.S. did not penetrate her and there is no evidence to establish that C.S. used force or threats.

**{¶ 29}** A manifest-weight challenge questions whether the trier of fact clearly lost its way. *State v. Wilks*, 2018-Ohio-1562, ¶ 168, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). A manifest-weight challenge attacks the persuasiveness of the evidence. *State v. Whitsett*, 2014-Ohio-4933, ¶ 26 (8th Dist.), citing *Thompkins* at 387.

**{¶ 30}** "When reviewing challenges to the manifest weight of the evidence in delinquency adjudications, appellate courts employ the same standard of review that applies to criminal convictions." *In re E.W.*, 2025-Ohio-1461, ¶ 14 (8th Dist.). The reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. *E.g., State v. Nicholson,* 2024-Ohio-604, ¶ 71.

**{¶ 31}** As the trier of fact, the juvenile court was best positioned to observe the demeanor of the witnesses and weigh the credibility of their testimony. *See Jordan*, 2023-Ohio-3800, at ¶ 26, citing *Thompkins* at 387. Therefore, a reversal based on the manifest weight of the evidence is reserved for the rare case where the evidence weighs heavily against the conviction. *Nicholson* at ¶ 71.

**{¶ 32}** C.S. asserts two claims in support of his manifest-weight argument. First, he claims K.W. swore that C.S. inserted nothing inside of her and the only other evidence of penetration came from third-party witness' testimony. Next, he argues that the adjudications of delinquency for rape and gross sexual imposition

are unsupported by sufficient competent, credible evidence of force. We find C.S.'s argument unpersuasive.

{¶ 33} In the instant case, the record reveals that both K.W. and C.S. gave inconsistent testimony. K.W. testified that she woke up before C.S. could insert his penis inside of her buttocks. When asked where C.S. put his private part, she also answered, "In my behind." (Tr. 58.) K.W.'s discomfort with recalling every detail she disclosed about the incident was evident during trial. (Tr. 68.) The trial court may have reasonably found her discomfort to account for the inconsistency about the details of whether C.S. inserted his finger in her anus. *State v. Edwards*, 2024-Ohio-2228, ¶ 39 (5th Dist.) (Inconsistency in a child victim's statements regarding the sexual conduct does not automatically render the judgment against the manifest weight of the evidence.).

{¶ 34} Likewise, C.S. denied touching K.W.'s private areas. He also stated that he did not recall doing so and did not believe he had. However, when asked whether it was possible he had touched K.W., C.S. acknowledged, "[E]verything is possible." (Tr. 206.)

{¶ 35} C.S. testified that he was older, bigger, and a lot stronger than K.W. Further, C.S. came into the room repeatedly and touched K.W. under her clothes while everyone was sleeping. In one instance, he entered the room with a towel on. Further, he put his hand in K.W.'s pants and touched her vagina and buttocks. In addition to digital penetration, C.S. attempted anal penetration with his penis. K.W. kicked C.S. and screamed at him to stop. However, C.S. only stopped after his sister

intervened. After the incident, K.W. testified that she did not feel safe nor could she go back to sleep. (Tr. 52.)

{¶ 36} We find no merit in C.S.'s argument that the adjudications are against the manifest weight of the evidence. The trier of fact is responsible for evaluating witness credibility. *State v. Frierson*, 2018-Ohio-391, ¶ 38 (8th Dist.). Therefore, as the trier of fact, the juvenile court was free to believe all, none, or some of the witnesses' testimony. *State v. Jackson,* 2010-Ohio-3500, ¶ 30 (8th Dist.), citing *State v. Antill*, 176 Ohio St. 61 (1964). Consequently, we will not substitute our judgment for that of the trier of fact, where there is no indication that the court clearly lost its way. The record demonstrates that the trial court considered the credibility of all testimony and found the State's evidence persuasive beyond a reasonable doubt.

{¶ 37} Accordingly, C.S.'s third assignment of error is overruled.

{¶ 38} The judgment of the trial court is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court, juvenile division, to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
SEAN C. GALLAGHER, J., CONCURS IN JUDGMENT ONLY (WITH SEPARATE OPINION)

SEAN C. GALLAGHER, J., CONCURRING IN JUDGMENT ONLY:

{¶ 39} I agree that we must affirm, but I do so based on a different rationale than advanced by the majority.

{¶ 40} A complaint was filed against C.S. alleging offenses that if committed by an adult would constitute attempted rape in violation of R.C. 2907.02(A)(1)(b) and 2923.02, rape (digital penetration) in violation of R.C. 2907.02(A)(1)(b) (rape of a child under the age of 13), rape in violation of R.C. 2907.02(A)(2) (forcible rape), and four counts of gross sexual imposition in violation of R.C. 2907.05(A)(1) and (4). After finding sufficient evidence that C.S. committed all of the underlying acts, except for the attempted rape, the juvenile court merged several of the offenses and adjudicated C.S. delinquent for the digital penetration rape and two of the gross-sexual-imposition offenses. *See In re A.G.*, 2016-Ohio-3306, syllabus ("The merger analysis set forth in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, applies to juvenile-delinquency proceedings to protect a child's right against double jeopardy."). Those are the only three offenses at issue in this appeal.

{¶ 41} C.S. first claims that R.C. 2907.02(A)(1)(b) is unconstitutionally vague because he was only 14 years old at the time he raped the victim, citing *In re D.B.*, 2011-Ohio-2671. C.S. forfeited any constitutional challenges to the complaint through his failure to timely raise the issue with the juvenile court. *State v. Awan*,

22 Ohio St.3d 120, syllabus (1986) (arguments pertaining to the constitutionality of a statute or its application, which are apparent at the time of trial, need not be heard for the first time on appeal). C.S. has presented no arguments to overcome this waiver. *See In re M.D.*, 38 Ohio St.3d 149, 151 (1988); App.R. 16(A)(7). Contrary to the majority's assertion otherwise, *In re M.D.* does not stand for the proposition that the complete failure to preserve a constitutional argument in a juvenile case entitles the appellant to ignore the question of waiver on appeal. In *In re M.D.*, the juvenile's motion to dismiss invoked the constitutional question advanced in the appeal in general terms and, according to the Ohio Supreme Court, that was sufficient to preserve the argument for appeal. *Id.* at 151. That conclusion is not relevant here. C.S. has not asked this panel to exercise our discretionary authority, and it is not this court's responsibility to present arguments on behalf of a party. *State v. Quarterman*, 2014-Ohio-4034, ¶ 19, citing *State v. Bodyke*, 2010-Ohio-2424, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part). We should refrain from advocating for one party over the other.

{¶ 42} In his remaining arguments, C.S. challenges the sufficiency and weight of the evidence in support of all of the counts in the complaint. As the majority notes, when counts are merged before final adjudication and there is sufficient evidence to support the offense chosen by the State, appellate courts need not consider the sufficiency of the evidence on the merged offenses because any error on those issues would be harmless as a matter of law. *State v. Ramos*, 2016-Ohio-7685, ¶ 14 (8th Dist.), citing *State v. Powell*, 49 Ohio St.3d 255, 263 (1990);

*State v. Carter*, 2024-Ohio-2166, ¶ 29 (8th Dist.), citing *State v. Worley*, 2024-Ohio-2166, ¶ 23 (8th Dist.). As a result, we need only consider the counts underlying the final adjudication, not any of the offenses merged into that final adjudication.

{¶ 43} With respect to the digital penetration rape, C.S. argues that there is no evidence of penetration because the victim's trial testimony was unclear. C.S. also argues that the State failed to demonstrate sexual gratification with respect to the two gross-sexual-imposition counts underlying the adjudication of delinquency.

{¶ 44} C.S. has not addressed, much less even mentioned, the testimony of the medical provider and detectives who related the victim's testimony regarding the digital penetration, disclosures made nearer to the time of the offenses. *Quarterman* at ¶ 19 (concluding that appellate courts "are not obligated to search the record or formulate legal arguments on behalf of the parties"), citing *Bodyke* at ¶ 78 (O'Donnell, J., concurring in part and dissenting in part); App.R. 16(A)(7). That evidence, in and of itself, is sufficient. *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus ("The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.").

{¶ 45} In addition, sexual gratification is amply demonstrated by the forensic evidence and the victim's testimony that C.S. attempted to rape her while, or shortly after, committing the acts of gross sexual imposition. *See, e.g., State v. Schaim*, 65 Ohio St.3d 51, 57 (1992) (evidence from victim's older sister that defendant (father) used a back rub as a pretense to fondle the older sister was

sufficient evidence to demonstrate sexual gratification element of gross sexual imposition as committed against the victim when the evidence was limited to the defendant touching the victim's buttocks while rubbing her back under the shirt). C.S.'s sufficiency arguments are therefore without merit.

{¶ 46} And finally, I agree that this case is not the exceptional case warranting a reversal under the weight-of-the-evidence standard. *See State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997).

{¶ 47} For these reasons, I agree that the adjudication of delinquency should be affirmed.