[Cite as *State v. Wright*, 2016-Ohio-5894.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2016CA00028 |
| JOHNNY R. WRIGHT | : |  |
|  | : |  |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Criminal appeal from the Canton Municipal Court, Case No. 2015CRB05763


JUDGMENT:      Reversed and Remanded


DATE OF JUDGMENT ENTRY:      September 19, 2016

APPEARANCES:

For Plaintiff-Appellee          For Defendant-Appellant

JOE MARTUCCIO
CANTON LAW DIRECTOR
TASHA FORCHIONE          BERNARD HUNT
ASSISTANT CITY PROSECUTOR      2395 McGinty Rd. N.W.
218 Cleveland Ave. S.W.          North Canton, OH 44720
Canton, OH 44702

*Gwin, P.J.*

{¶1}    Defendant-appellant Johnny R. Wright ["Wright"] appeals his conviction and sentence after a jury trial in the Canton Municipal Court on one count of Child Enticement in violation of R.C. 2905.05(C).

*Facts and Procedural History*

{¶2}    Twelve-year-old S. S. was a sixth grader at Lehman School.  On December 16, 2015, around 4:17 pm she had gotten off the school bus when Wright said to her "Hey pretty girl...Hey pretty girl; come over here...come here."  He then told her "don't run."  She ran home and informed her parents of the event.  S.S. testified that Wright's tone of voice was not threatening or menacing; rather his tone of voice was "Nice."  (T. at 91). S.S. further testified that as she ran Wright said, "Come back."  (T. at 95).  S.S. identified Wright as the man who had approached her.

{¶3}    S. S. further testified that she was afraid of Wright because he was a stranger and she was taught not to talk to strangers.  She was unable to tell if she was followed because she did not look back.  (T. at 95).

{¶4}    Canton Police Officer Steve Shackle was on routine patrol on December 16, 2015, along with his partner when they received a trouble call.  While investigating that call, Wright came up to them and kept repeating, "Hey pretty little lady"..."Hi."  (T. at 103).  Wright was then put into an available police cruiser.  Officer Shackle later spoke to S.S.'s, father, who related that he was hunting for the person who had scared his daughter.  Officer Shackle spoke to S.S. and narrowed the area to roughly the nine hundred block of McKinley N.W.  She related the same incident and use of words.  Wright, who was still in the cruiser, again repeated the phrase "Hey pretty little lady."

{¶5} Officer Shackle testified on cross-examination that he has had contact with Wright many times and has concerns for Wright's mental health. (T. at 110).

{¶6} Officer Shackle testified S. S.' s statements, her level of fear of harm, and her fear that Wright would get her, led him to charge Wright with Criminal Child Enticement, R.C. 2905.05 (A)(1).

{¶7} Prior to trial, on January 11, 2016 Wright's attorney moved to dismiss the complaint on the grounds that the Ohio Supreme Court had ruled R.C. 2905.05(A)(1) unconstitutional in *State v. Romage,* 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156.

{¶8} Also on January 11, 2016, the state filed a written motion to amend the charge to R.C. 2905.05(C). Wright's attorney filed a written motion to continue the trial in the event the trial court was to grant the state's motion to amend.

{¶9} The trial court addressed all three motions on the record before the start of the jury trial on January 11, 2016. The trial court overruled defense counsel's motion to dismiss, granted the state's motion to amend and denied the defense a continuance.

{¶10} The jury found Wright guilty of the amended charge. The court sentenced Wright to serve one hundred twenty days in the Stark County Jail, pay court costs, and have no contact with the minor victim. The court scheduled a hearing regarding the issue of sex offender registration. The state advised the court regarding the statutes, explaining that the Revised Code explicitly required registration for Section 2905.05(A) and (B), but not subsection (C). The court found that Wright was required to register because subsection (C) is identical to subsection (A).

*Assignments of Error*

{¶11} Wright raises four assignments of error,

{¶12} "I. THE TRIAL COURT ERRED WHEN IT OVERRULED THE APPELLANT'S MOTION FOR CONTINUANCE.

{¶13} "II. THE TRIAL COURT ERRED WHEN IT FAILED TO GRANT THE APPELLANT'S CRIMINAL RULE 29, MOTION FOR ACQUITTAL.

{¶14} "III. THE TRIAL COURT ERRED WHEN IT HELD THAT THE APPELLANT WAS REQUIRED UNDER 2905.05 (C) TO REGISTER AS A CHILD VICTIM OFFENDER, WHICH REQUIRES REGISTRATION.

{¶15} "IV. OHIO REVISED CODE SECTION 2905.05 (C) IS UNCONSTITUTIONAL AS WRITTEN BECAUSE IT IS DEFINED AS CRIMINAL, CONDUCT WHICH INCLUDES PROHIBITIONS AGAINST THE CONSTITUTION'S PROTECTED ACTIVITY."

I.

{¶16} Although the assignment of error states that it was error to deny the defense a continuance in response to the state's amendment of the charge, the argument Wright sets forth appears to be that the trial court erred in permitting the state to amend the charge[1]. In the interest of justice, we shall attempt to address Wright's arguments.

{¶17} The function of an indictment or a complaint is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend. *State v. Sellards* 17 Ohio St.3d 169, 170, 478 N.E.2d 781(1985). A criminal indictment serves two purposes. First, an indictment "compels the government to aver all material facts constituting the essential elements of an offense," providing the accused adequate notice and the opportunity to defend the charges. *State v. Childs*, 88 Ohio St.3d 194, 198, 724

---

[1] We note that the state addressed the issue of the propriety of the amendment in the appellee brief at 7-8.

N.E.2d 781(2000). Second, the indictment, "by identifying and defining the offense, * * * serves to protect the accused from future prosecutions for the same offense." Id.

**{¶18}** In the case at bar, Wright was originally charged with a violation of R.C. 2905.05(A),

(A) No person, by any means and without privilege to do so, shall knowingly solicit, coax, entice, or lure any child under fourteen years of age to accompany the person in any manner, including entering into any vehicle or onto any vessel, whether or not the offender knows the age of the child, if both of the following apply:

(1) The actor does not have the express or implied permission of the parent, guardian, or other legal custodian of the child in undertaking the activity.

(2) The actor is not a law enforcement officer, medic, firefighter, or other person who regularly provides emergency services, and is not an employee or agent of, or a volunteer acting under the direction of, any board of education, or the actor is any of such persons, but, at the time the actor undertakes the activity, the actor is not acting within the scope of the actor's lawful duties in that capacity.

**{¶19}** Crim.R. 7(D) specifies when a court may permit an amendment to an indictment,

The court may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance

with the evidence, provided no change is made in the name or identity of the crime charged. If any amendment is made to the substance of the indictment, information, or complaint, or to cure a variance between the indictment, information, or complaint and the proof, the defendant is entitled to a discharge of the jury on the defendant's motion, if a jury has been impaneled, and to a reasonable continuance, unless it clearly appears from the whole proceedings that the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made, or that the defendant's rights will be fully protected by proceeding with the trial, or by a postponement thereof to a later day with the same or another jury. Where a jury is discharged under this division, jeopardy shall not attach to the offense charged in the amended indictment, information, or complaint. No action of the court in refusing a continuance or postponement under this division is reviewable except after motion to grant a new trial therefor is refused by the trial court, and no appeal based upon such action of the court shall be sustained nor reversal had unless, from consideration of the whole proceedings, the reviewing court finds that a failure of justice resulted.

{¶20} In the case at bar, the charge against Wright was amended to R.C. 2905.05(C),

(C) No person, for any unlawful purpose other than, or in addition to, that proscribed by division (A) of this section, shall engage in any activity described in division (A) of this section.

**{¶21}** Upon examination of the statute, it is readily apparent that the amendment in the instant matter did not change the name of the crime charged; however, because we find that the two offenses contain different elements, we find the amendment did indeed change the identity of the crime.

**{¶22}** R.C. 2905.05(C) adds an additional element "unlawful purpose" which is not contained in R.C. 2905.05(A). As R.C. 2905.05(A) has been declared unconstitutional, then R.C. 2905.05(C) must contain different or additional elements from R.C. 2905.05(A) in order for the state to proceed under R.C. 2905.05(C). If it did not, then R.C. 2905.05(C) would suffer from the same infirmity that caused the Ohio Supreme Court to declare R.C. 2905.05(A) unconstitutional. In fact, R.C. 2905.05(C) requires the state to prove beyond a reasonable doubt that the accused acted "*for any unlawful purpose other than or in addition to that proscribed by division (A)…*"

**{¶23}** Under Crim.R. 7(D), a change in the name or identity of the charged crime occurs when an indictment or complaint is amended so that the offense alleged in the original indictment or complaint and the offense alleged in the amended indictment or complaint contain different elements requiring independent proof. *See State v. Fairbanks,* 172 Ohio App.3d 766, 2007–Ohio–4117, 876 N.E.2d 1293, ¶ 19–21 (12th Dist.); *State v. Moore,* 8th Dist. Cuyahoga No. 103123, 2016-Ohio-2836, ¶28; *State v. Trimble,* 4th Dist. Pickaway No. 13CA8, 2013-Ohio-5094, ¶13.

**{¶24}** Because Crim.R. 7(D) flatly prohibits an amendment to an indictment, information, or complaint that changes the name or identity of the crime charged therein, Wright need not demonstrate that he suffered any prejudice as a result of the forbidden amendment. *State v. Pignaloso,* 11th Dist. Portage No. 2006-P-0068, 2007-Ohio-3194,

¶30; *State v. Smith,* 10th Dist. Franklin No. 03AP-1157, 2004-Ohio-4786, ¶10; *State v. Rihm,* 101 Ohio App.3d 626, 629, 656 N.E.2d 372(2nd Dist. 1995); *Middletown v. Blevins,* 35 Ohio App.3d 65, 67, 519 N.E.2d 846 (12th Dist. 1987); see also, *State v. Wozniak,* 172 Ohio St. 517, 520-521, 178 N.E.2d 800(1961).  A trial court's decision allowing an amendment that changes the name or identity of the offense charged constitutes reversible error regardless of whether the accused can demonstrate prejudice.

{¶25}  For the forgoing reasons, Wright's first assignment of error is sustained.

## II. III and IV.

{¶26}  In light of our disposition of Wright's first assignment of error, we find Wright's second, third and fourth assignments of error to be premature.

{¶27} The judgment of the Canton Municipal Court is reversed and this matter is remanded for proceedings in accordance with our opinion and the law.


By Gwin, P.J.,

Delaney, J., and

Baldwin, J., concur