[Cite as *Cobb v. Ortiz*, 2021-Ohio-2009.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| JONATHAN MICHAEL COBB, | : | APPEAL NO. C-200276 |
| | | TRIAL NO. DR-0901832 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| ARACELI ORTIZ, | : | |
| Defendant-Appellant. | : | |


Appeal From: Hamilton County Court of Common Pleas, Domestic Relations Division

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 16, 2021


*The Bonecutter Firm, LLC*, and *Brenda L. Bonecutter*, for Plaintiff-Appellee,

*Arnold Law Firm, LLC*, and *Britt Born*, for Defendant-Appellant.

**MYERS, Presiding Judge.**

{¶1} This appeal arises from postdecree proceedings in a divorce case. Defendant-appellant Araceli Ortiz appeals the judgment of the Hamilton County Domestic Relations Court denying her motion to find plaintiff-appellee Jonathan Michael Cobb in contempt and to require Cobb to sign a passport renewal application for their now 15-year-old child, and modifying the parties' shared-parenting decree and plan. For the reasons set forth below, we affirm the trial court's judgment.

{¶2} The parties divorced in 2011. The parties' shared-parenting plan was incorporated into a final shared-parenting decree and contained a provision allowing Ortiz, originally from Colima, Mexico, to travel with their son to Mexico: "Mother shall be permitted to vacation with the minor child with her relatives in Mexico once per year."

{¶3} In June 2019, Ortiz filed a "motion to have [Cobb] sign passport application [and] for contempt for failure to 'allow' [Ortiz] to go to Mexico with son for vacation."

{¶4} In November 2019, Cobb filed a motion for a restraining order to prevent Ortiz from traveling with their son to any part of Mexico for which the State Department issued "Do Not Travel" warnings. In addition, Cobb requested that the court modify the parties' shared-parenting plan to allow the son to choose whether he wished to travel domestically or internationally with Ortiz. In December 2019, following a hearing, the trial court ordered that Ortiz could not travel internationally with the son until further order of the court.

{¶5} In July 2020, the court conducted a hearing on Ortiz's motion for contempt and to require Cobb's signature on the child's passport-renewal application. The court found that at the time that Ortiz made her motion in June 2019, her hometown, Colima, Mexico, had been under a State Department travel advisory that warned against any travel due to violent crime. The court noted that Cobb had expressed to Ortiz that he did not want their son, who was then 14 years old, to travel to Colima due to the crime occurring there, which included kidnappings, gang violence, and recent murders. The court also found, "Currently, due to COVID-19, there is no travel to Mexico from the United States." The court stated that it conducted an in camera interview with the minor child to ascertain his views on potential travel to Mexico, but did not disclose what the child revealed.

{¶6} The court denied Ortiz's motion for contempt, finding that no provision of the shared-parenting plan required Cobb to sign the child's passport application. In addition, the court found that "Mother has given no compelling reason and has not considered the best interest of the minor child for her renewal of passport request." The court found that it was in the child's best interest to modify the shared-parenting plan as follows:

Mother may be permitted to vacation with the minor child with her relatives in Mexico once per year with the consent of Father and the minor child. Once all three have agreed to the travel, Father shall renew the passport for the minor child and may retain that passport in his possession when Mother is not using it for travel with the minor child.

{¶7} Ortiz now appeals.

{¶8} In her first assignment of error, Ortiz argues that the trial court erred by declining to find Cobb in contempt for his failure to sign their child's passport-renewal application. To establish civil contempt, the party seeking to enforce a court order must prove by clear and convincing evidence that a court order exists and that the nonmoving party has not complied with the terms of that order. *Mees v. Mees*, 1st Dist. Hamilton No. C-150033, 2015-Ohio-5127, ¶ 11. A party cannot be held in contempt for violating a court order that does not exist. *See Haun v. Haun*, 11th Dist. Portage No. 2018-P-0108, 2019-Ohio-5408, ¶ 62. We will not reverse a trial court's decision on a contempt motion absent an abuse of discretion. *Wolf v. Wolf*, 1st Dist. Hamilton No. C-090587, 2010-Ohio-2762, ¶ 4; *Denovchek v. Bd. of Trumbull Cty. Commrs.*, 36 Ohio St.3d 14, 16, 520 N.E.2d 1362 (1988) ("[S]ince the primary interest involved in a contempt proceeding is the authority and proper functioning of the court, great reliance should be placed upon the discretion of the trial judge").

{¶9} In this case, no specific provision of the shared-parenting decree or plan required Cobb to sign an application to renew the child's passport. Because Ortiz failed to demonstrate the existence of a court order requiring Cobb to sign a passport-renewal application, the trial court did not abuse its discretion in denying Ortiz's contempt motion. We overrule the first assignment of error.

{¶10} We address the second and third assignments of error in reverse order. In her third assignment of error, Ortiz argues that the trial court erred by sua sponte modifying the shared-parenting plan where neither party had requested modification. We note, however, that Cobb's November 2019 motion sought a

4

modification of the shared-parenting plan to require the child's agreement to any travel with Ortiz.

{¶11} In addition, R.C. 3109.04(E)(2)(b) authorizes a trial court, either on its own initiative or at the request of one or both parents, to modify the terms of the shared-parenting plan when modification is found to be in the best interest of the child. *Bruns v. Green*, Slip Opinion No. 2020-Ohio-4787, ¶ 11; *Fisher v. Hasenjager*, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 33 (R.C. 3109.04(E)(2)(b) only requires that modification of the shared-parenting plan be in the best interest of the child). We review a trial court's modification under R.C. 3109.04(E)(2)(b) for an abuse of discretion. *See Fritsch v. Fritsch*, 1st Dist. Hamilton No. C-140163, 2014-Ohio-5357, ¶ 24. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} We find no abuse of discretion by the trial court in modifying the shared-parenting plan to require Cobb's and the child's permission before allowing Ortiz to travel with the child to Mexico. The trial court considered both the global pandemic that prohibited travel to Mexico at the time of the hearing in 2020, as well as the State Department travel warning that advised against travel to Colima, Mexico due to violent crime that was in place when Ortiz made her motion in 2019. The trial court did not act unreasonably, arbitrarily or unconscionably in making the modification. We overrule the third assignment of error.

{¶13} In her second assignment of error, Ortiz argues that the trial court erred by denying her motion to require Cobb to sign the child's passport-renewal application. However, the court's modification of the shared-parenting plan now

5

requires Cobb to renew the child's passport once he and the child agree to the child's travel to Mexico with Ortiz. We find no error by the trial court in conditioning Cobb's renewal of the passport upon his and the child's agreement, in light of the global pandemic and the State Department travel advisory against travel to Colima, Mexico. We overrule the second assignment of error and affirm the trial court's judgment.

Judgment affirmed.

**WINKLER** and **SUNDERMANN, JJ.,** concur.

J. HOWARD SUNDERMANN, JR., retired, from the First Appellate District, sitting by assignment.

Please note:
    The court has recorded its own entry this date.