[Cite as *State v. Montoya*, 2021-Ohio-3429.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210154 |
| | | TRIAL NO. C-20CRB-2501 |
| Plaintiff-Appellee, | : | |
| | : | *O P I N I O N.* |
| vs. | | |
| | : | |
| BRANDON MONTOYA, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Municipal Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  September 29, 2021

*Joseph T. Deters,* Hamilton County Prosecuting Attorney, and *Paula E. Adams*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Rittgers & Rittgers* and *Nicholas D. Graman,* for Defendant-Appellant.

**BERGERON, Presiding Judge.**

{¶1}   In the parking lot of an apartment complex in Loveland, defendant-appellant Brandon Montoya coaxed a five-year old child to come watch as he sexually gratified himself.   After being charged with child enticement, Mr. Montoya now contends that the trial court erred in allowing the state to amend its complaint to include the specific subsection of the child enticement statute.   Based on the language of the complaint at issue, we find the amendment proper and affirm the trial court's judgment.

I.

{¶2}   The state charged Mr. Montoya with two counts of public indecency under R.C. 2907.09 and one count of child enticement under Ohio's child enticement statute, R.C. 2905.05.   In its complaint, the state failed to list a subsection for the child enticement charge.   That proved problematic because the Ohio Supreme Court declared R.C. 2905.05(A) unconstitutional and the complaint tracked the language in R.C. 2905.05(A).   *State v. Romage,* 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, ¶ 18 ("Ohio's child-enticement statute, R.C. 2905.05(A), is unconstitutionally overbroad because it sweeps within its prohibitions a significant amount of constitutionally protected activity.").   But beyond reciting the statutory language, the complaint described the conduct Mr. Montoya allegedly engaged in: "Brandon W. Montoya called a 5-year-old female over to the driver's side door of his 2016 Nissan Maxima by telling [the] victim he had something to show her.   He then exposed himself to the child while masturbating."

{¶3}   Apparently recognizing the lack of specificity in the complaint, the state orally moved (during a pretrial hearing) to amend it to reflect subsection R.C.

2905.05(B) of the statute. The trial court granted the motion and denied Mr. Montoya's subsequent motion to reconsider. After pleading no contest to the amended charge, Mr. Montoya appealed with a single assignment of error attacking the propriety of the amendment because it added an additional element not contained in the initial charging document—namely, that he acted "with a sexual motivation." R.C. 2905.05(B) ("No person, with a sexual motivation, shall violate division (A) of this section.").

## II.

{¶4} The purpose of accusatory instruments like criminal complaints is "to inform the accused of the identity and the essential facts constituting the offense charged." *State v. Broughton,* 51 Ohio App.3d 10, 11, 553 N.E.2d 1380 (12th Dist.1988). Put differently, a criminal complaint provides the defendant notice of the charges against him so that he may prepare a defense. *See State v. Wright,* 5th Dist. Stark No. 2016CA00028, 2016-Ohio-5894, ¶ 17 ("The function of an indictment or a complaint is to give adequate notice to the defendant of what he is being charged with and a fair chance to defend."), citing *State v. Sellards,* 17 Ohio St.3d 169, 170, 478 N.E.2d 781 (1985). Both sides agree the initial complaint did not reference a specific subsection but they part company over the propriety of the amendment. The state claims the factual allegations in the complaint offered Mr. Montoya adequate notice of the nature of the charge against him, and the amendment did little more than correct a scrivener's error. Mr. Montoya, not surprisingly, insists that the amendment changed the identity of the offense charged and deprived him of fair notice to defend against the additional "sexual motivation" element.

{¶5} Under Crim.R. 7(D), the court "may at any time before, during, or after a trial amend the indictment, information, complaint, or bill of particulars, in respect to any defect, imperfection, or omission in form or substance, or of any variance with the evidence, provided no change is made in the name or identity of the crime charged." Amendments under Crim.R. 7(D) are liberally permitted by courts, provided the amendment "change[s] neither the name nor the identity of the crime charged." *See State v. O'Brien*, 30 Ohio St.3d 122, 125-126, 508 N.E.2d 144 (1987), citing Crim.R. 7(D). "Whether an amendment changed the identity of the crime is a question of law that we review de novo." *State v. Rike*, 1st Dist. Hamilton No. C-190401, 2020-Ohio-4690, ¶ 21, citing *State v. Kittle*, 4th Dist. Athens No. 04CA41, 2005-Ohio-3198, ¶ 12.

{¶6} If we decide the amendment changed the identity of the offense, the trial court committed reversible error regardless of whether Mr. Montoya suffered prejudice. *See State v. Wright*, 5th Dist. Stark No. 2016CA00028, 2016-Ohio-5894, ¶ 24 ("Because Crim.R. 7(D) flatly prohibits an amendment to an indictment, information, or complaint that changes the name or identity of the crime charged therein, [defendant] need not demonstrate that he suffered any prejudice as a result of the forbidden amendment."). To prevail in this situation, Mr. Montoya must demonstrate that the original offense and the amended offense have different elements requiring independent proof. *State v. West*, 52 Ohio App.3d 110, 111, 557 N.E.2d 136 (12th Dist.1988) ("[A] change in the name or identity of the charged crime occurs when a complaint is amended so that the offense alleged in the original complaint and that alleged in the amended complaint contain different elements which require independent proof[.]"). On the other hand, if we decide no change to

the identity of the offense charged occurred, we will review the trial court's decision under an abuse of discretion standard and Mr. Montoya must show the amendment misled or prejudiced him in some way. *See State v. Kates,* 169 Ohio App.3d 766, 2006-Ohio-6779, 865 N.E.2d 66, ¶ 13-16 (10th Dist.) (When amendments are made to cure variances between the complaint and the proof, defendants are entitled to a discharge of the jury or continuance unless "the defendant has not been misled or prejudiced by the defect or variance in respect to which the amendment is made."), citing Crim.R. 7(D).

{¶7} Mr. Montoya's theory rests on the unconstitutionally of R.C. 2905.05(A). In *Romage,* the Ohio Supreme Court reasoned that "[t]he statute fails to require that the prohibited solicitation, coaxing, enticing, or luring occur with the intent to commit any unlawful act." *Romage,* 138 Ohio St.3d 390, 2014-Ohio-783, 7 N.E.3d 1156, at ¶ 10. R.C. 2905.05(B) did not suffer the same fate, precisely because it *does* require the criminal intent element missing from R.C. 2905.05(A). *See State v. Whitehead*, 2d Dist. Montgomery No. 28334, 2019-Ohio-5141, ¶ 37 ("Divisions (B) and (C) of the statute, however, do not suffer from the same infirmity as division (A) because those divisions include additional elements."). Mr. Montoya isolates the "additional element" wording from *Whitehead* and offers this syllogism: if division (B) survives constitutional scrutiny only by adding an additional element not found in (A), and adding elements changes the identity of the offense charged, then the complaint must be faulty and could not be cured by amendment consistent with Crim.R. 7(D).

{¶8} But complaints lacking the relevant subsection are not per se defective where "the complaint's substance [is] sufficient to inform" the defendant which

5

subsection was violated. *See State v. Jones,* 1st Dist. Hamilton Nos. C-120570 and C-120572, 2013-Ohio-4775, ¶ 17; *see also State v. Doans,* 12th Dist. Butler No. CA2007-10-258, 2008-Ohio-5423, ¶ 22 (finding complaint deficient when it neither referenced the specific subsection nor contained substance sufficient to inform the defendant which subsection he was charged under). The language used in the complaint "is deemed sufficient if an 'individual of ordinary intelligence would not have to guess as to the type and scope of the conduct prohibited.' " *State v. Sallee,* 6th Dist. Erie No. E-11-042, 2012-Ohio-3617, ¶ 8, quoting *State v. Baker*, 6th Dist. Huron No. H-98-033, 1999 WL 75999, * 1 (Feb. 19, 1999). The question, then, is whether the substance of this complaint sufficiently informed Mr. Montoya from the outset he was being charged with sexually motivated conduct under R.C. 2905.05(B). If it did, then no change occurred in the identity of the offense charged.

{¶9} Sexual motivation is defined as "a purpose to gratify the sexual needs or desires of the offender." R.C. 2971.01(J). The complaint certainly paints conduct of an action with a sexual motivation (see our quotation above, in paragraph 2). Although the complaint echoes the language of the unconstitutional subdivision (A), the substance of the complaint confirms that the state could be proceeding only under subdivision (B). The state accused Mr. Montoya of coaxing the child to his car for the purpose of gratifying his sexual needs or desires. Based on the allegations in the complaint, this factual description is "sufficiently equivalent to the statutory language" of acting with a sexual motivation to provide notice of this element. *Jones* at ¶ 24. After all, beckoning someone to your car—even a child—is not itself a crime (the exact point made by the Supreme Court in *Romage* as it struck down subsection (A)). What Mr. Montoya did once the child arrived surely is, and discerning the

6

prohibited conduct from the language used in the complaint required no guesswork on the part of Mr. Montoya. Thus, the identity of the offense did not change by virtue of the amendment. R.C. 2905.05(B) was always the only conceivable statutory subdivision at issue.

{¶10} Because the amendment did not change the identity of the crime charged, we next consider whether the trial court abused its discretion in allowing the amendment. *Kittle,* 4th Dist. Athens No. 04CA41, 2005-Ohio-3198, at ¶ 13 ("If the amendment does not change the name or identity of the crime charged, then we apply an abuse of discretion standard to review the trial court's decision to allow a Crim.R. 7(D) amendment."). "An abuse of discretion 'implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Cobb v. Ortiz*, 1st Dist. Hamilton No. C-200276, 2021-Ohio-2009, ¶ 11, quoting *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). Mr. Montoya fashions no argument attacking the amendment because he was misled or prejudiced in some way. He did not request a continuance in light of the amendment in order to prepare a new defense, but instead, pled no contest to the charge as amended. Under these circumstances, where Mr. Montoya had notice, only one subdivision conceivably applied, and no prejudice has been shown, permitting the amendment does not constitute an abuse of discretion.

\* \* \*

{¶11} In light of the foregoing analysis, we overrule Mr. Montoya's assignment of error and affirm the judgment of the trial court.

Judgment affirmed.

7

**WINKLER** and **BOCK, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion